[No. 40168.    Department One.    June 5, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. EVANS
ROBINSON, *Appellant*.*

*Jack A. Richey* and *Donna Berg,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Paul M. Acheson,* for respondent.

McGOVERN, J.—Following a shooting in front of the White Sands Cafe, Seattle, defendant was charged with the crime of second-degree murder. His appeal is taken from the sentence entered upon a verdict finding him guilty of manslaughter, the lesser crime.

The facts are brief. Decedent was an interloper to a quarrel between defendant and another. He threatened to kill defendant and his companions, brandished a gun and struck him in the eye. Defendant and his friends thereupon left the area by automobile, armed themselves with weapons and returned to the scene of combat. When the armed victim appeared in the doorway of the cafe, defendant Robinson shot him and death resulted from the wounds.

Defendant insists that the deceased was the aggressor and that he was merely acting in defense of that aggression.

The first two assignments of error relate to the court's refusal to instruct the jury on the decedent's general reputation for being quarrelsome and for having a violent disposition. With such an instruction the defendant would

*Reported in 455 P.2d 945.

have argued to the jury that the victim's known propensity for argument or violence gave credence to his theory that the decedent was the aggressor.

██ The requested instructions were properly refused. There is no evidence in the record relating to the victim's general reputation for either quarrelsomeness or violence and the court would have committed error had it given the instructions. *State v. Patrick,* 179 Wash. 510, 38 P.2d 261 (1934).

Complaint is next made that the trial court refused to permit defendant to prove through Detective Harry Schneider, a defense witness, that decedent had a reputation for being quarrelsome and violent. No error occurred since the witness was unable to testify to the subject.

Q. (By Mr. Richey) Are you aware of the reputation of one George Swain [the victim]?
A. [By Mr. Schneider] I am not.

Finally, it is urged that the court committed reversible error when it refused to give defendant's requested instruction relating to both communicated and uncommunicated threats by Mr. Swain to defendant. The instruction would not have been proper for there was no evidence of uncommunicated threats. Had the instruction been given, the jury could only have been misled and confused by having its attention called to a matter upon which there was no evidence. *State v. Thompson,* 68 Wn.2d 536, 413 P.2d 951 (1966). *Also see State v. Patrick, supra.*

For the reasons stated, the judgment and sentence entered by the trial court is affirmed.

HUNTER, C. J., FINLEY and WEAVER, JJ., and JOHNSEN, J. Pro Tem., concur.

---

August 5, 1969. Petition for rehearing denied.