[No. 12900.   Department Two.   January 11, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.
WALLACE KETTERMAN, *alias Jack Long*,
*Appellant*.[1]

RECEIVING STOLEN GOODS—INFORMATION—SUFFICIENCY—"LARCENY"
—STATUTES. Under Rem. & Bal. Code, § 2601, defining larceny where
any person, "with intent to deprive or defraud the owner thereof,"
shall (1) take and drive away the property of another; or (2) shall
obtain property by the aid of checks or drafts unlawfully drawn; or
(3) withhold or appropriate property held in his possession as bailee,
agent, etc.; or (4) withhold or appropriate property received by
reason of a mistake; and (5) knowing the same to be "so appro-
priated" shall receive any property wrongfully appropriated, the
words "so appropriated" applies to the original larceny of property
specified in each and all of the preceding four sub-divisions.

SAME—INFORMATION—SUFFICIENCY. In an information for receiv-
ing stolen property, it is not necessary to allege the facts going to
constitute the original unlawful taking as would be required in a
prosecution therefor.

CRIMINAL LAW—TRIAL—CHALLENGE TO SUFFICIENCY OF EVIDENCE—
SPECIFIC OBJECTIONS—NECESSITY. A general motion to take the case
from the consideration of the jury only raises the question as to
whether there is any evidence tending to prove the crime charged
and is insufficient to support the specific objection that the evidence
was insufficient to show the accused's connection with the crime,
where there was ample evidence to show that the offense had been
committed.

Appeal from a judgment of the superior court for Whit-
man county, McCroskey, J., entered April 17, 1915, upon a
trial and conviction of receiving stolen goods. Affirmed.

*Charles R. Hill* and *O. H. Horton*, for appellant.

*R. M. Burgunder* and *Thomas Neill*, for respondent.

PARKER, J.—The defendant, Wallace Ketterman, was
charged by information, filed in the superior court for Whit-
man county, with the crime of receiving stolen goods. His
trial before the court and a jury resulted in verdict and

[1]Reported in 154 Pac. 182.

judgment against him, from which he has appealed to this court.

Counsel for appellant first contend that the trial court erred in overruling their demurrer to the information, which reads, in part, as follows:

"Wallace Ketterman, alias Jack Long, . . . did then and there wilfully, unlawfully and feloniously, with the intent to deprive the owner thereof, and knowing the same to have been stolen, receive at substantially the same time, from some person whose name is unknown to the prosecuting attorney, and withhold one saddle and bridle, the personal property of Ivan Marsh, of the value of $30; one saddle, the personal property of J. H. McCroskey, of the value of $25; and one saddle, the personal property of William Horton, of the value of $25."

This was intended to charge the crime as defined by Rem. & Bal. Code, § 2601 (P. C. 135 § 695), which reads:

"Every person who, with intent to deprive or defraud the owner thereof—(1) Shall take, lead or drive away the property of another; or (2) Shall obtain from the owner or another the possession of or title to any property by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or (3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or (4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person

entitled thereto; and (5) Every person who, knowing the same to have been so appropriated, shall bring into this state, · or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this act—Steals such property and shall be guilty of larceny."

The theory of counsel's contention touching the sufficiency of the information is not made very clear to us; but it seems to be, (1) that the words "so appropriated," in the fifth subdivision above quoted, refer only to property appropriated in the manner specified in the fourth subdivision immediately preceding; and (2) that the information is defective in that the manner of the original larceny is not charged as being that defined in the fourth subdivision. As to the first, we are of the opinion that the words "so appropriated," in the fifth subdivision, refer to the manner of the original larceny of property specified in each and all of the preceding four subdivisions.

As to the second, it is the law that "It is not necessary to allege the facts going to constitute the original unlawful taking or embezzlement, as would be required in case of prosecution therefor." 34 Cyc. 520. Our own decisions in *State v. Druxinman*, 34 Wash. 257, 75 Pac. 814, and *State v. Ray*, 62 Wash. 582, 114 Pac. 439, lend support to this view though not directly in point. We conclude that the information is sufficient.

It is further contended that the trial court erred in overruling the challenge to the sufficiency of the evidence to support conviction, made by counsel for appellant in their motions for directed verdict of acquittal. These motions were made at the close of the state's evidence and at the close of all the evidence. The first was simply:

"If the court please, at this time I move that the case be withdrawn from the jury and the jury instructed to return a verdict of not guilty on the evidence presented by the state."

The second was no more specific. Neither was argued by counsel. It is plain from the record that this is not a case of no evidence. The evidence was ample to show the commission of the crime, though not very certain as to appellant's connection therewith. This is the particular defect now for the first time urged by counsel for appellant. Answering a similar contention in *State v. Hyde*, 22 Wash. 551, 61 Pac. 719, Judge White, speaking for the court, at page 564, said:

"This motion is a general one, and only challenges the general sufficiency of the evidence; that is, says, in effect, there is a total failure of evidence. Upon a motion of this kind, the only question raised is whether there is any evidence tending to prove the crime charged, not whether the evidence fails in some particular matters. The record fails to disclose that the objection to the evidence in the particular matter, as to the kind, amount, and value of money, was called to the attention of the court, and in a case of this kind the motion should direct the attention of the court and opposite counsel to the precise point made and the grounds therefor."

See, also, *State v. Tamler*, 19 Ore. 528, 25 Pac. 71, 9 L. R. A. 853; 12 Cyc. 596. To now rule upon these motions contrary to the ruling of the trial court would, in effect, be ruling upon a question not fairly presented to that court.

The judgment is affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and HOLCOMB, JJ., concur.