[No. 38238.   Department Two.   May 5, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
THOMPSON, *Appellant.**

*Howe, Davis, Riese & Jones* and *Charles B. Cooper* (Appointed counsel for appeal), for appellant.

*Charles O. Carroll* and *Ned Olwell,* for respondent.

BARNETT, J.†—Defendant Robert Thompson appeals from a judgment rendered upon a jury verdict of guilty in a criminal prosecution charging him with grand larceny by receiving stolen property.

*Reported in 413 P.2d 951.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

On the night of November 23, 1964, certain items of clothing were stolen from the automobile of one Dale Baker, while it was parked behind the Hong Kong Cafe in the city of Seattle. Several days later the stolen property turned up at the apartment of one Frank Jenkins, who later testified on behalf of the state. Testimony conflicted as to just how the property came to be at this location. The defendant thereafter attempted, with some success, to sell various items of the stolen clothing to several prospective customers, some of whom he brought to Jenkins's apartment for a showing of the goods. The information under which defendant was tried and convicted charged that:

He, the said ROBERT THOMPSON, in the County of King, State of Washington, on or about the 24th day of November, 1964, with intent to deprive and defraud the owner thereof, willfully, unlawfully and feloniously did receive, conceal, withhold and aid in concealing and withholding certain personal property, to-wit: one leopard ladies raincoat, one ladies brown china mink fur coat, two men's sport coats and two pair of men's pants of a value in excess of $75.00 in lawful money of the United States, the property of one Dale F. Baker, the said ROBERT THOMPSON then and there knowing the said property to have been *wrongfully appropriated;* (Italics ours.)

Defendant makes three basic assignments of error. The first is a challenge to the sufficiency of the evidence. In view of the manner in which we choose to dispose of this case, this alleged error will not be considered.

Defendant next assigns error to the giving of two instructions. Instruction No. 2 was given as follows:

To convict the defendant Robert Thompson of the crime of Grand Larceny, as charged in the amended information, the State must prove to you beyond a reasonable doubt:

(1) That on or about the 24th day of November, 1964, with intent to deprive and defraud the owner thereof, Robert Thompson did willfully, unlawfully and feloniously receive, conceal, withhold or aid in concealing and withholding certain personal property, to-wit: one leopard ladies' raincoat, one ladies' brown china mink fur coat, two men's sport coats and two pair of men's pants

of a value in excess of $75.00 in lawful money of the United States, the property of one Dale F. Baker;

(2) That said personal property *had been wrongfully appropriated* and that *the defendant knew said property had been wrongfully appropriated;*

(3) That the said personal property was not the property of said Robert Thompson;

(4) That said personal property was received, concealed and withheld in King County, Washington.

If you find from the evidence admitted in this case that the State has proved beyond a reasonable doubt the foregoing elements of the crime charged, then it will be your duty to return a verdict of Guilty of Grand Larceny as charged in the amended information herein.

On the other hand, if, after weighing all the evidence and lack of evidence you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, then you should return a verdict of not guilty. (Italics ours.)

Instruction No. 3 is as follows:

Larceny, as referred to in these instructions, is defined by the statutes of the State of Washington, as follows:

Every person who, having any property in his possession, custody or control, shall secrete, withhold or appropriate the same to his own use or to the use of any other person other than the true owner or person entitled thereto, with intent to deprive or defraud the owner thereof, steals such property, and if the value of such property shall exceed the sum of $75.00, shall be guilty of Grand Larceny.

■ Our larceny statute, RCW 9.54.010, is a consolidation of various offenses, all of which have been denominated "larceny." This consolidation was made for procedural purposes only, the substantive elements of each offense being no different under the statute than they were at common law. The pertinent parts of RCW 9.54.010 are:

Every person who, with intent to deprive or defraud the owner thereof—

(1) Shall take, lead or drive away the property of another; or

. . . .

(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

. . . .

(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

Steals such property and shall be guilty of larceny.

The information charges defendant with receiving certain property knowing that it had been "wrongfully appropriated." It has been questioned whether an information so phrased sufficiently states a crime. The argument is that the information is so vague that an accused reading the same could not know whether he was charged with receiving property which had been, say, embezzled; or which had been procured by false token or by bad check; or which even may have been "converted"—as the term is used in civil disputes. It is not the reception of property which is known to be "wrongfully appropriated" that our statute defines as "larceny;" but the reception of property known to be wrongfully appropriated "in such manner as to constitute larceny."

Rule of Pleading, Practice and Procedure 101.04W(2), RCW vol. 0, provides in part:

An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right.

The state urges that, since the proof clearly shows that the original theft constituted larceny under subsection (1)

of the statute, the information should be considered amended in accordance with this rule; that is, that it charges him with receiving property which had been wrongfully appropriated by the terms of RCW 9.54.010(1). For purposes of this decision only, we shall consider the information so amended.

The language used in the information appears again in instruction No. 2. The trial court instructed the jury that the state, to convict, must have proved, *inter alia*:

(2) That said personal property had been *wrongfully appropriated* and that the defendant *knew said property had been wrongfully appropriated;* (Italics ours.)

■ Defendant attacks the vagueness of the words "wrongfully appropriated," which he says deprive him of his only defense—that he did not have the requisite *knowledge* that the property was stolen. The words "so appropriated" in RCW 9.54.010(5) refer to the other larcenous offenses defined in subsections (1) through (4) of the same statute. *State v. Ketterman,* 89 Wash. 264, 154 Pac. 182 (1916).

Defendant's contention is that the jury was not told that, to be guilty, he must have known that the property was stolen in one of the ways set forth in RCW 9.54.010. Nowhere in the instructions does the court define larceny under subsection (1) for the jury. Thus, the jury was not told that "wrongful appropriation" refers to the original theft under that subsection. This vagueness is compounded by instruction No. 3 by which the trial court purported to define "larceny" for the jury, "as used in these instructions." It is conceded that this instruction, which is similar to RCW 9.54.010(3) defining larceny by *embezzlement,* was erroneously given, whether it was meant to define the original theft, or the crime with which defendant was charged.

■ Assuming, on the one hand, that the trial court attempted to explain to the jury the meaning of the phrase "wrongfully appropriated" by giving to them this "embezzlement" definition of larceny, we must hold that it committed reversible error. The evidence unmistakably shows the goods to have been originally *taken* as that word

is used in subsection (1) of the larceny statute. But the jury was instructed that defendant must have known that the property had been *"wrongfully appropriated"* (instruction No. 2) in some manner akin to *embezzlement* (instruction No. 3) which could not have been possible in view of the only evidence regarding the original theft. The state urges that instruction No. 3, although clearly inapplicable to the facts of the original theft, was not prejudicial to defendant's case. We cannot agree. If an instruction tells the jury to consider what it should not, it is a misdirection. By instruction No. 3, the jury was told to consider "larceny" as therein defined. It was plainly misdirected. It should not have been told to consider "larceny" as meaning "embezzlement" when the only evidence showed that the "wrongful appropriation" was a *taking away* under subsection (1). Where there is a substantial misdirection upon a material question of law, prejudice is presumed. *State v. Gellerman*, 42 Wn.2d 742, 259 P.2d 371 (1953). The jury could not but be misled and confused by this instruction, which calls attention to matters upon which there is no evidence. See *State v. Hessel*, 112 Wash. 53, 191 Pac. 637 (1920). We deem it clearly erroneous and prejudicial.

On the other hand, the jury could have inferred from instruction No. 3 that it was entitled to find the accused guilty of larceny as therein defined. But defendant was charged with no such crime, if, indeed, such a crime exists. Const. art. 1, § 22 commands that an accused be informed of the nature of the charge brought against him. It is mandatory that a conviction be made only under the offense charged. It is conceivable that the jury could have found defendant guilty of "larceny" as defined by instruction No. 3, and since no such crime was charged, the instruction constitutes prejudicial error. *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Severns*, 13 Wn.2d 542, 125 P.2d 659 (1942).

The judgment is reversed and the cause remanded for a new trial.

ROSELLINI, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.