[No. 533-1.    Division One—Panel 2.    February 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES G. BRECKENRIDGE, *Appellant*.

*Robert S. Egger*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Albert A. Rinaldi, Jr., Deputy*, for respondent.

JAMES, J.—In each of several counts, Charles Breckenridge and another were charged with the crime of grand larceny. Each count charged that they knowingly and intentionally withheld and concealed property of another which had been wrongfully appropriated in such manner as to constitute larceny. Breckenridge was convicted on all counts but one. His codefendant has not appealed.

Breckenridge assigns error to the denial of his motion to suppress evidence produced by a warrantless police search of a residential garage in which he and his codefendant had stored automobile parts.

The trial judge found the facts to be (1) that the search was permitted by the occupier of the residence; (2) that although the occupier of the residence had given Breckenridge the right to use the garage, he (the occupier) had reserved the right to use the garage himself; and (3) that permission to search was not coerced but was freely given. The trial judge concluded that the search was lawful.

An evaluation of the credibility of the testimony of the police officers and the occupier of the premises was necessarily involved in determining the question of the permissiveness of the search. Determination of the credibility of the witnesses and the weight to be assigned to

their testimony are matters "concerning which the trial judge is the best judge." *In re Estate of Martinson*, 29 Wn.2d 912, 921, 190 P.2d 96 (1948); *State v. Reed*, 56 Wn.2d 668, 354 P.2d 935 (1960).

Here, as in *State v. Rye*, 2 Wn. App. 920, 471 P.2d 96 (1970), the trial judge observed the witnesses and determined their credibility. He accepted the testimony of the officers concerning the circumstances of the search and rejected the testimony of the occupier of the premises. "We will not undertake a reevaluation of the credibility of the witnesses testifying." *State v. Hoffman*, 64 Wn.2d 445, 450, 392 P.2d 237 (1964).

■ However, because immunity from unreasonable search and seizure is a fundamental constitutional right, we are required to carefully review the evidence concerning the circumstances of the search. *McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965); *State v. Rye, supra.* "We are mindful, in this respect, that it is not our function to reevaluate the credibility of the witnesses testifying." *State v. Hoffman, supra* at 451. We have examined the record in the light of our responsibility and we are satisfied that the trial court's findings are amply supported by the evidence. *State v. Hoffman, supra.*

■ Where two persons have equal right to the use or occupancy of premises, either can authorize a search. The evidence produced in a search authorized by one may be used to support a charge against the other. *State v. Bellows*, 72 Wn.2d 264, 432 P.2d 654 (1967).

■ Concerning the claim of coercion, the observation of Justice Hill in *State v. Lyons*, 76 Wn.2d 343, 346, 458 P.2d 30 (1969) is appropriate to the facts of this case. "Bowing to events, even if one is not happy with them, is not the same thing as being coerced."

The trial judge did not err in denying the motion to suppress.

The statute under which Breckenridge was charged is as follows:

Every person who, knowing the same to have been *so*

*appropriated*, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property *wrongfully appropriated*, whether within or outside of this state, *in such manner as to constitute larceny* under the provisions of this chapter—

Steals such property and shall be guilty of larceny.

(Italics ours.) RCW 9.54.010(5).

■ By the use of the phrase "in such manner as to constitute larceny," the words "wrongfully appropriated" are related to the various primary larcenous offenses defined in subsections (1) through (4) of the statute. *State v. Thompson*, 68 Wn.2d 536, 413 P.2d 951 (1966); *State v. Ketterman*, 89 Wash. 264, 154 P. 182 (1916). In other words, it is a crime to buy, sell, receive or withhold property *known* to have been *stolen*.

Breckenridge's second assignment of error concerns paragraph 2 of the "to convict" instructions as to each count. Paragraph 2 tells the jury that the state must prove beyond a reasonable doubt that the defendants *knew* that the property had been "wrongfully appropriated" but omits the qualifying words, "in such manner as to constitute larceny." Breckenridge asserts, and we agree, that a necessary element of the crime charged is *knowledge* that the property concealed and withheld had been "wrongfully appropriated" in some larcenous manner—in other words, *stolen*. Breckenridge claims that by omitting the qualifying statutory language, the trial judge failed to properly define the nature and extent of the required guilty knowledge.

Paragraph 1 of each of the "to convict" instructions requires proof that the defendants

willfully, unlawfully and feloniously did receive, conceal, withhold and aid in concealing and withholding [the property therein described] which had been *wrongfully appropriated* from [the named owner of the property] *in such a manner as to constitute larceny.*

(Italics ours.) Instructions 6, 7, 8, 9 and 10.

Paragraph 2 of each of the "to convict" instructions requires proof that the defendant *"knew* that the above-mentioned property had been *wrongfully appropriated* and

intended to deprive and defraud the owner thereof." (Italics ours.) Instructions 6, 7, 8, 9 and 10.

The "to convict" instructions are structured so as to make it obvious that the numbered paragraphs are to be read together and conjunctively. When so read, it is readily apparent that the prosecution's burden was to prove that Breckenridge not only *knew* that the property had been "wrongfully appropriated" but also that he *knew* that it had been appropriated "in such manner as to constitute larceny." In *State v. Robinson*, 78 Wn.2d 479, 475 P.2d 560 (1970), the statute, RCW 9.54.020, taking motor vehicle without permission, and the "to convict" instruction were similarly construed.

To further supplement the "to convict" instruction, the appropriate primary offense of larceny was defined for the jurors in instruction 13 as follows:

> Every person who, with intent to deprive or defraud the owner thereof, shall secrete or withhold, or aid in secreting or withholding, any property of the value of more than $75.00 wrongfully appropriated, knowing the same to have been so appropriated, steals such property and shall be guilty of grand larceny.

In instruction 17 the jurors were specifically told that the *knowledge* on the part of the defendant which the state must prove was "such knowledge . . . as would make the defendant believe the property had been stolen."

The jurors were further instructed that they must consider the instructions as a whole. When the instructions are read and considered as a whole and when the numbered paragraphs of the "to convict" instruction are read together, it is clear that the jury was instructed that knowledge that the property was stolen was a necessary element.

■ Finally, we point out that paragraph 1 of each of the "to convict" instructions charges that the defendants "willfully, unlawfully and feloniously" withheld property wrongfully appropriated "in such manner as to constitute larceny." In another instruction, the jury was told that "willfully" means "intentionally and purposely, but not

accidentally." Instruction 12. We have held that this phrase-
ology, though legalistic, does effectively inform a jury that
"guilty knowledge" is a necessary finding. *State v. Thrift*,
4 Wn. App. 192, 480 P.2d 222 (1971). The "to convict" in-
struction would have been adequate without the second
paragraph.

We find no error. The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.
Petition for rehearing denied March 29, 1971.
Review denied by Supreme Court May 6, 1971.