[No. 620-3. Division Three. October 24, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES FREDRICK TRADEWELL, *Appellant*.

822

*W. Gordon Kelley,* for appellant.

*Fred Van Sickle, Prosecuting Attorney,* for respondent.

McINTURFF, J.—Defendant was charged by information with one count of first-degree assault, and four counts of second-degree assault. He entered a plea of not guilty and a special plea of not guilty by reason of insanity.

Gerald E. Gibbons, M.D., treated defendant for injuries he received when he was arrested on December 26, 1971. While treating defendant, Dr. Gibbons noted abnormal behavior on his part and called in Harry D. Hunter, M.D., a psychiatrist, as a consulting physician to determine if the defendant was psychotic. Dr. Hunter interviewed defendant on the morning of December 26, 1971. Later, at the request of the prosecuting attorney, Dr. Hunter again examined defendant on February 14, 1972.

Dr. Gibbons was called as a defense witness and testified concerning the mental condition of defendant on December 26, 1971. Defendant also placed into evidence the history and physical examination report made by Dr. Gibbons.

Thereafter, Dr. Hunter was called by the state as a rebuttal witness and testified that defendant's abnormal behavior was not caused by any psychosis, but by drunkenness. He further stated that defendant could distinguish between right and wrong at the time of the criminal act. Dr. Hunter testified he could not segregate in his mind the December 26, 1971 interview with the defendant as consulting physician, and the subsequent February 14, 1972 interview, when he was asked to examine defendant by the prosecuting attorney. Defendant objected to Dr. Hunter's testimony as violating the physician-patient privilege, and at the conclusion of the testimony moved for a mistrial. The motion was denied. The jury returned a verdict in favor of the state, and defendant appeals.

ISSUE: Does a defendant, who has entered a plea of not guilty by reason of insanity, and calls his doctor to testify on his behalf, waive the physician-patient privilege as to a

consulting doctor who is called as a rebuttal witness for the state?

 The physician-patient privilege has its origin in RCW 5.60.060(4),[1] and has been held to apply in criminal cases by virtue of RCW 10.58.010.[2] *State v. Gibson,* 3 Wn. App. 596, 476 P.2d 727 (1970). The physician-patient privilege was unknown in the common law and exists as a creation of the legislature. The legislative purpose is to foster this relationship by inspiring confidence in the patient, encouraging him to make a full disclosure of his symptoms to the physician, free of the worry that an embarrassing disclosure might become public knowledge.

Court decisions from various jurisdictions reflect a lack of agreement concerning whether there is a waiver of the physician-patient privilege when the patient calls one physician but fails to call another physician who attended the patient for the same or a related ailment. *See* Annot., 5 A.L.R.3d 1244 (1966). In some jurisdictions a waiver of the privilege as to one physician constitutes a waiver as to other physicians. The jurisdictions associated with this view adhere to the rationale that a patient calling physicians who testify favorably to his contention waives the physician-patient privilege as to other physicians who treated or examined him for the same condition. In other jurisdictions the courts have reasoned that the legislative policy behind the privilege, *i.e.,* that a patient should be free of the worry that an embarrassing exposure might become public knowledge, would be defeated by applying a waiver.

Relying on *Phipps v. Sasser,* 74 Wn.2d 439, 448 n.9, 445 P.2d 624 (1968), defendant urges that this jurisdiction has

---

[1] RCW 5.60.060(4) provides: "A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient, . . ."

[2] RCW 10.58.010 provides: "Rules—Generally: The rules of evidence in civil actions, so far as practicable, shall be applied to criminal prosecutions."

not yet adopted either of these positions, and urges this court to adopt the rule that a waiver of the privilege as to one physician does not constitute a waiver as to any other attending or consulting physician. We agree with the defendant that the law in this jurisdiction does appear unsettled. The cases of *In re Estate of Quick*, 161 Wash. 537, 297 P. 198 (1931), and *McUne v. Fuqua*, 42 Wn.2d 65, 253 P.2d 632 (1953) appear to support the proposition that waiver of the privilege with respect to one physician also waives the privilege as to subsequent testimony of other physicians who treated the patient for the same ailment or disability.

As noted by the court in *Randa v. Bear*, 50 Wn.2d 415, 421, 312 P.2d 640 (1957):

> The privilege is that of the patient, and by the terms of the statute it may be waived by him. The introduction by the patient of medical testimony describing the treatment and diagnosis of an illness waives the privilege as to that illness, and the patient's own testimony to such matters may have the same effect.

In adopting a rule for this jurisdiction we must weigh two varying public policies. On the one hand, the very reason behind the physician-patient relationship is to create an atmosphere of confidence. If the law were otherwise, many needing medical attention might go untreated for fear that what they told the doctor might not remain confidential. On the other hand, if a patient is allowed to pick and choose between physician witnesses and can, by claim of privilege, prevent impeaching testimony from being disclosed to the court, a mockery might be made of justice.

This rationale is compelling. In the instant case defendant called only the physicians who would support his assertion of insanity, and further entered into evidence his medical history and examination records. By doing so the defendant abandoned his right of medical privacy and waived the statutory physician-patient privilege as to any medical testimony which tends to contradict or impeach his medical evidence.

Defendant contends that the initial examination on De-

cember 26, 1971, by Dr. Hunter, was without benefit of counsel and therefore denied him his Fifth Amendment rights against self-incrimination. This argument was not before the trial judge to rule upon and comes to our attention for the first time in the reply brief.

■ The general rule prevailing in this state is that issues not raised in the trial court cannot be raised for the first time on appeal. *Peoples Nat'l Bank v. Peterson*, 82 Wn.2d 822, 514 P.2d 159 (1973); *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 61 Wn.2d 461, 472, 378 P.2d 691 (1963).

Secondly, CAROA 43 provides: "No alleged error of the superior court will be considered, unless the same be definitely pointed out in the 'assignments of error' in appellant's brief."

> Exceptions to the foregoing rules respecting issues initially raised on appeal are generally stated in *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 465 P.2d 657 (1970). They include matters going to jurisdiction, right to maintain the action, illegality, invasion of fundamental constitutional rights, and lack of claim for relief.

·*Peoples Nat'l Bank v. Peterson, supra* at 830.

Under the circumstances, the alleged error does not fall within the above-enumerated exceptions of *Peoples Nat'l Bank v. Peterson, supra*, and is therefore not properly before us.

Judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied November 12, 1973.

Review denied by Supreme Court December 18, 1973.