[No. 1316-3.   Division Three.   June 7, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY ROBERT SHARP, *Appellant*.

*Michael R. Pickett* and *Bennett, Carroll & Pickett,* for appellant (appointed counsel for appeal).

*Curtis Ludwig, Prosecuting Attorney,* and *John Crawford, Deputy,* for respondent.

GREEN, J.—Codefendants, Jerry Sharp and David Dauenhauer, were convicted of possession of· a controlled substance, LSD. Only the defendant Sharp appeals, contending the court erred in (1) failing to conduct a CrR 3.5 hearing with respect to certain statements and admissions of the defendants prior to jury selection, (2) refusing to suppress the LSD, (3) permitting cross-examination of Mr. Sharp regarding his alcohol problem, and (4) admitting certain self-serving hearsay statements. We affirm.

Pursuant to an arrest warrant for delivery of a controlled substance, Mr. Sharp was stopped by the Richland police at approximately 1 a.m. on July 14, 1974, while driving home with David Dauenhauer as his passenger. Mr. Sharp was placed under arrest, orally advised of his constitutional rights, and asked for permission to search the pickup he was driving. Mr. Sharp stated, "Go ahead and search. You won't find anything." The search revealed a partially smoked

marijuana cigarette in the ashtray, a small aluminum can of marijuana, five packages of cigarette papers, two rolling devices, and a plastic pill bottle containing three squares of "window pane" LSD. Mr. Dauenhauer was later arrested. Sharp and Dauenhauer denied knowledge and possession of the LSD. Mr. Sharp admitted smoking the marijuana cigarette and Mr. Dauenhauer admitted possession of the can of marijuana. They were jointly charged and tried together. After selection of the jury, a CrR 3.5 hearing[1] was held, and the trial court determined that certain statements of the defendants were admissible and that the search was pursuant to a free and voluntary consent. Both defendants were convicted of possession of a controlled substance.

First, Mr. Sharp contends that the CrR 3.5 hearing was untimely, interfered with his right to properly question the jury, and violated his right to a fair and impartial jury trial. He argues that CrR 3.5 implies that the hearing must be held prior to selection of the jury. We disagree. As stated in *State v. Hinton*, 12 Wn. App. 267, 270, 529 P.2d 843 (1974):

> Prior to the statement being admitted, the court on defendant's request held a CrR 101.20W [now CrR 3.5] hearing and found defendant signed the statement voluntarily. The statement was then admitted into evidence. In view of the finding of voluntariness, we find no prejudicial error. The court having first found that the statement was voluntarily given, all protection intended by the CrR 101.20W hearing was achieved.

Here, the protection intended by the requirements of CrR 3.5 were achieved prior to the admission of statements by defendant and we find no prejudicial error.

Second, it is contended that the evidence seized during the search should have been suppressed because Mr.

---

[1]CrR 3.5(a) provides:

"When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible. A court reporter or a court approved electronic recording device shall record the evidence adduced at this hearing."

Sharp was read his rights but was never asked if he wished to waive them. It is pointed out that later, at the police station, he expressly refused to waive any rights. We find no error. Whether a consent to search is voluntary is a factual question, and the State has the burden of proving that the consent was freely and voluntarily given. *McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965). Evaluation of the credibility of witnesses is a function of the trial court. *State v. Breckenridge*, 4 Wn. App. 328, 481 P.2d 26 (1971). Further, the findings of the trial court relating to the validity of a search are to be given great weight on review. *State v. Smith*, 72 Wn.2d 479, 434 P.2d 5 (1967). However, since immunity from unreasonable search and seizure is a fundamental constitutional right, we are required to carefully review the evidence relating to the search. *McNear v. Rhay, supra.* Such review reveals that at the time of arrest, Mr. Sharp knew the arrest related to delivery of a controlled substance. It is admitted that when he gave his consent to the search, he knew he had the right to remain silent and had the right to an attorney. The trial court's finding that the consent was voluntary and freely given is amply supported by the evidence.

Third, Mr. Sharp contends that it was error to permit impeachment of his credibility by reference to his alcohol problem. We disagree. Prior to trial, he moved to restrict the use of a prior conviction of carnal knowledge, but did not mention prior convictions relating to alcohol. During trial, counsel for his codefendant Dauenhauer questioned Mr. Sharp about his alcohol problems without objection. On redirect examination, Mr. Sharp brought out the fact of his previous intoxication convictions. During recross by the State, two general questions were put to defendant relating to his alcohol problem, all without objection by defense counsel. An issue not timely objected to in the trial court will not be considered for the first time on appeal. *State v. Tradewell*, 9 Wn. App. 821, 515 P.2d 172 (1973).

Finally, it is argued that the court erred during Mr. Dauenhauer's case-in-chief by admitting hearsay state-

ments made to Police Officer Hughes by Mr. Dauenhauer prior to his arrest. Although the State made no objection, Mr. Sharp's counsel objected on the ground that the statement was hearsay, self-serving, and implicated Mr. Sharp. This objection was overruled. Officer Hughes testified that he told Mr. Dauenhauer that "window pane acid" had been found in the search of Mr. Sharp's vehicle. Mr. Dauenhauer replied that he would like to see it because he had never before seen "window pane acid." Each defendant raised the defense that the drugs found in the car belonged to the other defendant. This statement was hearsay, self-serving, and implicated defendant Sharp.

Evidence of out-of-court statements offered for proof of the matters asserted therein is hearsay; however, out-of-court admissions by a party, although hearsay, may be admissible if they are relevant. If such out-of-court statements are self-serving in that they tend to aid the party's case, then the statements are not admissible under the admission exception to the hearsay rule. *State v. Haga*, 8 Wn. App. 481, 507 P.2d 159 (1973). While it was error to admit the self-serving hearsay statement of Officer Hughes, the error was harmless.

> Error cannot be regarded as harmful so as to require reversal unless, within reasonable probabilities, had the error not occurred, the result might have been materially more favorable to the one complaining of it.

*State v. Rogers*, 83 Wn.2d 553, 557, 520 P.2d 159 (1974).

The use of the self-serving hearsay statement was an attempt to exonerate Mr. Dauenhauer; notwithstanding, the jury found him guilty of possession of LSD. Implicit in this jury finding is the fact that they did not believe the hearsay statement. Consequently, the admission of the statement was not prejudicial to defendant Sharp.

Affirmed.

MCINTURFF, C.J., and MUNSON, J., concur.