[No. 7300-5-II. Division Two. October 6, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. HENRY B. BAXTER, *Respondent.*

534

*C. Danny Clem, Prosecuting Attorney,* and *Reinhold P. Schuetz, Deputy,* for appellant.

*Michael E. Klemetsrud* and *Crawford, McGilliard, Peterson & Yelish,* for respondent.

PETRICH, J.—The State appeals from the dismissal with prejudice of charges against Henry Baxter based on the trial court's interpretation of the time period within which the accused must be brought to trial under CrR 3.3. The issues we are asked to decide are (1) the determination of the date from which to calculate the period during which defendant must be brought to trial, when there has been a substantial delay between the filing of an information and the defendant's arraignment, and (2) the determination of any excluded time once the speedy trial period has started. We affirm the dismissal.

On August 10, 1982, Baxter was charged by information with two felony counts of unlawful issuance of bank checks.

The checks listed Baxter's address as 2647 Schley Boulevard, Bremerton. A summons was issued on August 10 with an address of 1501 Winfield Avenue, No. 3, Bremerton. This address was taken from an earlier check that Baxter had written, and was inadvertently selected by the prosecutor's staff instead of the Schley address. Baxter had moved from the Winfield address to the Schley address in March 1982. The Kitsap County Sheriff's Office was unable to serve Baxter at the Winfield address, so a bench warrant was issued on August 26, 1982. Baxter was arrested and arraigned November 17, 1982. There is no evidence that any attempts were made to serve the warrant between August and November. Deputy Prosecutor Schuetz was conducting the bank check prosecution.

Baxter had been a witness in another Kitsap County case on July 14, 19, and 20, 1982. Deputy Prosecutor Sharpe had subpoenaed him using both the Schley address and his work address. Baxter listed the Schley address and his work address and telephone number when he registered with the county clerk for witness fees. On July 26, 1982, he moved from the Schley address to Post Office Box 152, Keyport, and filed a change of address form with the Post Office. Schuetz was unaware that Baxter had been subpoenaed by Sharpe, and Sharpe was unaware that the felony charges were about to be filed by Schuetz.

After his arrest, Baxter entered a plea of not guilty and objected to the setting of a trial date of February 7, 1983, because of a violation of CrR 3.3. After two continuances, without waiving any accrued speedy trial rights, and an amendment of the information to add three additional charges, Baxter moved to dismiss the charges with prejudice. The trial court concluded that the State had not exercised due diligence to obtain Baxter's presence in court after the information was filed. It found that Baxter had not been unavailable and his presence in court could have been obtained, and that the State had failed to send the summons to the last known address, which was the Schley address. The delay from August 10 or August 26 to

November 17 was included in the computation of elapsed time under CrR 3.3, and the charges were dismissed with prejudice.

■ The first step in reviewing the propriety of the dismissal is the determination of the date from which the elapsed time under CrR 3.3 should be calculated. The rule specifies that for matters filed directly in superior court, the 60– or 90–day period during which the defendant must be brought to trial commences on the date of arraignment. CrR 3.3(c)(1). However, "where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed." *State v. Striker,* 87 Wn.2d 870, 875, 557 P.2d 847 (1976).[1]

We must determine whether the delay between the filing of the information against Baxter and his arraignment was long enough to require the application of the *Striker* rule.[2] In *Striker,* 4 months had elapsed between the filing of the information and the defendant's appearance in court. In *State v. Carpenter,* 94 Wn.2d 690, 694, 619 P.2d 697 (1980), a delay of 45 days was long enough to apply the *Striker* rule. In *State v. Anderson,* 94 Wn.2d 176, 183, 616 P.2d 612 (1980), a delay of 7 days was not long enough. There was a delay of 99 days (August 10 to November 17) in Baxter's case.

A delay between filing of the information and appearances in court caused by the fault or connivance of the

---

[1]This rule was to apply only where, after the information had been filed, the accused was amenable to process. *Striker,* 87 Wn.2d at 877. "Amenable to process" has been defined as "whether a person is liable or subject to the law." *State v. Carpenter,* 94 Wn.2d 690, 693, 619 P.2d 697 (1980). As in *Carpenter,* the State's claim that Baxter was unavailable because his presence could not be obtained does not go to the question of whether he was "subject to the law" and thus amenable to process.

[2]The rule applicable to *State v. Striker, supra,* computed the time from the defendant's preliminary appearance in court. The rule has since been amended and computes the time from date of arraignment. CrR 3.3(c)(1).

defendant is excepted from the *Striker* rule. *Striker,* 87 Wn.2d at 872; *Carpenter,* 94 Wn.2d at 694–95. The State has presented no evidence that the delay was caused by any fault or connivance by Baxter. There may be instances where the interval of a similar number of days, between the filing of the information and the date of arraignment due to circumstances other than the fault or connivance of the defendant, would not amount to a delay "contrary to the expectation expressed in the rules." Such circumstances might be such as to make it extremely difficult to identify and locate the accused. The circumstances here do not justify the extended time it took to obtain the defendant's presence in court for his arraignment. The State had additional information that it did not pursue. It did not follow up on the Schley address listed on the checks that Baxter was charged with writing. Even though Baxter had moved from that address before the warrant was issued, the Post Office had a forwarding address. The State never inquired at the Schley address about Baxter's whereabouts nor obtained the forwarding address. In addition, the summons could have been mailed to Baxter, and it would have been forwarded to his Keyport address. CrR 2.2(d)(2). The State failed to exploit the information it had available to it.

We hold that the delay here under these circumstances is long enough to require the application of *Striker.* The date from which compliance with CrR 3.3 should be calculated is the filing of the information.

The second step in our analysis is the determination of whether any portion of the delay should be excluded from the calculation of compliance with CrR 3.3. In *Striker,* periods of delay resulting from the defendant's absence were excluded under the speedy trial rule. *Striker,* 87 Wn.2d at 871. CrR 3.3(d) then provided:

> The following periods shall be excluded in computing the time for trial:
>
> . . .
>
> (5) Delay resulting from the absence of the defendant.

CrR 3.3 was amended effective May 21, 1976. 87 Wn.2d

1102. The exclusion of time under CrR 3.3(d)(5) was replaced by CrR 3.3(f), which suspended the speedy trial rule until the defendant's presence was obtained. CrR 3.3(f) stated:

> If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in section (b) or (c) shall start to accrue anew upon defendant's being actually present in the county wherein the criminal charge is pending, and his presence appearing upon the record of the court.

This version of CrR 3.3 was first interpreted in *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978). The court held that "unavailability as established under this rule can be shown only if the prosecution demonstrates good faith and diligent efforts to obtain the availability of the defendant." *Peterson*, 90 Wn.2d at 428. This requirement of "good faith and diligent efforts" has been the disputed issue in a number of subsequent cases and is the issue raised here by the State.

The State relies on *State v. Perry*, 25 Wn. App. 621, 612 P.2d 4 (1980) and *State v. Bledsoe*, 31 Wn. App. 460, 643 P.2d 454, *review denied*, 97 Wn.2d 1026 (1982) in support of its view that a reversal of the dismissal is required. In *Perry* and *Bledsoe*, the speedy trial period began anew because the defendants were "absent and thereby unavailable" under the version of CrR 3.3 in effect at the time.[3] *State v. Perry*, 25 Wn. App. at 622–23 and *State v. Bledsoe*, 31 Wn. App. at 463–64. Similarly, this court's most recent decision on this issue analyzed unavailability under that version of CrR 3.3. *State v. Wirth*, 39 Wn. App. 550, 694 P.2d 1113, *review denied*, 103 Wn.2d 1027 (1985). A further amendment of CrR 3.3 requires us to first consider a different issue.

Effective August 1, 1980, CrR 3.3 was amended and the provision for restarting the speedy trial period because of

---

[3] This provision was renumbered CrR 3.3(h) in 1978. The unavailability provision was not altered. 90 Wn.2d 1153.

the defendant's unavailability was removed.[4] CrR 3.3(h) was deleted and a list of excluded periods was added at CrR 3.3(g).[5] 93 Wn.2d 1123, 1131. The absence or unavailability of the defendant are not among those excluded periods.

The only case that has considered the unavailability of the defendant under the current CrR 3.3 is *State v. Allen,* 36 Wn. App. 582, 676 P.2d 501 (1983). That court stated:

[U]nlike the prior version, the most recent version of the speedy trial rules does not expressly exclude the time when a defendant is unavailable for the purpose of computing the date for arraignment. Both parties assume, and the assumption seems reasonable, that even under the current rules the time a defendant is unavailable should not be considered when determining the arraignment date.

*State v. Allen,* 36 Wn. App. at 585.

While the court in *Allen* excluded from the prescribed time period the days the defendant was unavailable, contending that some provisions for considering the unavaila-

---

[4]The amended version of CrR 3.3 was only to apply to cases "in which any part of the offense has occurred on or after the effective date" of August 1, 1980. The offense that Wirth had been charged with occurred in 1979, so the prior version of CrR 3.3 applied. *State v. Wirth,* 39 Wn. App. at 551.

[5]CrR 3.3(g) currently states:

"The following periods shall be excluded in computing the time for arraignment and the time for trial:

"(1) All proceedings relating to the competency of a defendant to stand trial, terminating when the court enters a written order finding the defendant to be competent;

"(2) Preliminary proceedings and trial on another charge except as otherwise provided by CrR 3.3(c)(5);

"(3) Delay granted by the court pursuant to section (h);

"(4) The time between the dismissal of a charge and the defendant's arraignment or rearraignment in superior court following the refiling of the same charge;

"(5) Delay resulting from a stay granted by an appellate court;

"(6) The time during which a defendant is detained in jail or prison outside the state of Washington or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington;

"(7) All proceedings in juvenile court."

bility of the defendant must have survived the latest change in CrR 3.3, such a holding was unnecessary to the opinion. There the delay of 108 days from the defendant's availability and his arraignment without any reliance on his earlier unavailability violated the rule. *Allen,* 36 Wn. App. at 586–87. We decline to read such a provision into CrR 3.3. The version of the rule applicable to Baxter neither excludes the period that the defendant is unavailable nor suspends the speedy trial rules while the defendant is unavailable.

■■ The construction of court rules is governed by the ordinary principles of statutory construction. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979); *State v. Kuberka,* 35 Wn. App. 909, 671 P.2d 260 (1983). Omission of words from a statute must be considered intentional on the part of the Legislature. *State v. Roadhs,* 71 Wn.2d 705, 430 P.2d 586 (1967).

Legislatures are presumed to be familiar with their own prior legislation, and when material changes are made in the wording of a statute in a reenactment, a change in legislative intent must be presumed. *In re Bale,* 63 Wn.2d 83, 89, 385 P.2d 545 (1963). A change in legislative intent is presumed when a material change is made in a statute. *Rhoad v. McLean Trucking Co.,* 102 Wn.2d 422, 427, 686 P.2d 483 (1984).

■ Applying these rule to the case before us we conclude that the Supreme Court, in adopting the rule governing this case, intended that the time the defendant was absent or unavailable should no longer be excluded in computing the time for arraignment or trial. The version of the rule applicable to Baxter neither excludes the period that the defendant is unavailable nor suspends the speedy trial rules while the defendant is unavailable. The removal of any provision for unavailability has the effect of strengthening the policy stated in *Striker*:

> In order to protect the right of the accused, and in accordance with the manifest policy expressed in the rules, to discourage prosecutorial delays which are not

approved by the court, we hold that in such circumstances a prosecution must be dismissed with prejudice on timely motion of the defendant, if it is not brought to trial within the time specified in CrR 3.3, after the information or indictment is filed. This holding is in harmony with the intent and spirit of the rules which are designed to afford a speedy trial.

*Striker,* 87 Wn.2d at 877.

The dismissal with prejudice is affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Reconsideration denied November 3, 1986.