[No. 9913-6-II.   Division Two.   September 6, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. LEON HUNNEL, *Respondent.*

C. *Danny Clem, Prosecuting Attorney,* and *Warren K. Sharpe, Deputy,* for appellant.

*Terrance W. Oostenbrug* and *Crawford, McGilliard, Peterson & Yelish,* for respondent.

PETRICH, J.—The State appeals from a pretrial order dismissing a charge of first degree arson with prejudice for a violation of the time of trial rule, CrR 3.3, 93 Wn.2d 1123 (1980). We conclude that the defendant was not brought to trial within the prescribed time limits. Therefore, we affirm.

Hunnel was interviewed by the Kitsap County Sheriff's Office on January 19, 1985, upon referral by Child Protective Services. During the interview, he confessed to setting fire to a woodshed on his property in which he had placed his three children. This incident occurred August of 1982.

Hunnel was not arrested at that time, but gave the detective his Port Orchard address and contact telephone numbers of his mother and sister. He also informed the detective of his employment at Puget Sound Naval Shipyard.

Shortly before the January 19 interview, Hunnel and his wife had separated. They were divorced on March 22, 1985. Hunnel quit his job and moved to his father's home in Oregon approximately 1 week after the interview of January 19. On February 14, 1985, he went to a United States

Farm Administration office in Washington and relinquished his interest in the family home. He also filed a change of address form at this time, listing his wife's parents' address as his forwarding address. He did not notify the post office of any further address changes.

Altogether, Hunnel was absent from the state of Washington for approximately 6 months. He returned to Washington in June of 1985 and either stayed in a camper on his mother's property or at a friend's home in Poulsbo. During this period, his wife contacted him six to eight times.

On February 21, 1985, Hunnel was charged by information filed in superior court with first degree arson. A motion and affidavit for his arrest were sworn out the same day. The record is devoid of any evidence that the warrant was placed in the national warrant system or that any attempts were made to serve the warrant before his arrest 11 months later on January 7, 1986.

The trial court heard testimony on Hunnel's motion to dismiss for violation of CrR 3.3. On April 3, 1986, the court entered an oral decision dismissing the case. The State's motion to reconsider was denied and a written order of dismissal, findings of fact, and conclusions of law were entered on April 25, 1986. The findings of fact are not challenged in this appeal.

■ When findings of fact are required by rule or statute, unchallenged findings are verities on appeal. *State v. Harris,* 106 Wn.2d 784, 790, 725 P.2d 975 (1986), *cert. denied,* 94 L. Ed. 2d 781 (1987); *State v. Christian,* 95 Wn.2d 655, 656, 628 P.2d 806 (1981). Although use of formal findings and conclusions is the preferred practice to insure that the trial court has properly dealt with all of the issues below and to allow for a meaningful review of that court's decision, *State v. Agee,* 89 Wn.2d 416, 573 P.2d 355 (1977), we can find no provision requiring findings in CrR 3.3. It is questionable whether a proceeding for dismissal under CrR 3.3 is a proceeding "tried upon facts" requiring the entry of findings of fact. CR 52(a)(1). Findings of fact are not

required in decisions on motions. CR 52(a)(5)(B). Nevertheless, even though findings of fact may not be required if the court enters findings of fact on disputed evidence or inferences drawn from such evidence, the unchallenged findings are considered as verities on appeal. *State v. Williams,* 16 Wn. App. 868, 560 P.2d 1160 (1977). Here, the trial court's findings which resolved disputed inferences from the evidence are accepted as verities.

CrR 3.3 generally requires that for matters filed directly in superior court, the 60– or 90–day period during which the defendant must be brought to trial begins on the date of arraignment. CrR 3.3(c)(1). When a delay not contemplated by the rule occurs, and the accused is amenable to process, the speedy trial time under CrR 3.3 is deemed to operate from the time the information is filed. *State v. Striker,* 87 Wn.2d 870, 875, 877, 557 P.2d 847 (1976). The rule allows for the exclusion of certain time periods in computing the time for trial. CrR 3.3(g). A criminal charge not brought to trial within the time limits of the rule is subject to dismissal with prejudice. CrR 3.3(i).

On appeal, the State argues that the event from which the time for trial should be computed in this case is the date of arraignment because: (1) Hunnel was not amenable to process during the long delay between the filing of the information and his arrest and arraignment; and (2) the long delay was the result of Hunnel's own fault or connivance. In the event the time for trial must be computed from the filing of the information, the State then argues that the time during which the defendant is unavailable for trial should be excluded in computing the time limit within which trial must be held under the rule.

### AMENABILITY TO PROCESS

The State argues that the 11–month delay between the filing of the information and Hunnel's arrest was justified because he was not amenable to process. The term "amenable to process" is defined as whether a person is liable or subject to law. *State v. Carpenter,* 94 Wn.2d 690, 693, 619

P.2d 697 (1980). According to the trial court's finding, "[Hunnel] travelled back and forth from Oregon to Washington from January of 1985 through approximately June 15, 1985 and thereafter resided within the state of Washington." Hunnel was not amenable to process during his absence from Washington. *State v. Lee*, 48 Wn. App. 322, 738 P.2d 1081 (1987). However, he was subject to the laws of Washington after June 15, 1985.

Since Hunnel was amenable to process continuously from June 15, 1985, to the date of his arrest and arraignment in January 1986, the delay is one not contemplated by the rule. The *Striker* rule applies to this case, causing the CrR 3.3 time to commence with the filing of the information, February 21, 1985, absent an exception to the *Striker* rule or an exclusion of the time periods by the court rule CrR 3.3(g).[1] *See State v. Baxter*, 45 Wn. App. 533, 537, 726 P.2d 1247 (1986).

### FAULT OR CONNIVANCE

An exception to the *Striker* rule exists when the delay is caused by the fault or connivance of the defendant. *Striker*, 87 Wn.2d at 872; *Carpenter*, 94 Wn.2d at 694. The State

---

[1]CrR 3.3(g), 93 Wn.2d 1131 (1980) provides:

(g) **Excluded Periods.** The following periods shall be excluded in computing the time for arraignment and the time for trial:

(1) All proceedings relating to the competency of a defendant to stand trial, terminating when the court enters a written order finding the defendant to be competent;

(2) Preliminary proceedings and trial on another charge except as otherwise provided by CrR 3.3(c)(5);

(3) Delay granted by the court pursuant to section (h);

(4) The time between the dismissal of a charge and the defendant's arraignment or rearraignment in superior court following the refiling of the same charge;

(5) Delay resulting from a stay granted by an appellate court;

(6) The time during which a defendant is detained in jail or prison outside the state of Washington or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington;

(7) All proceedings in juvenile court.

The State does not contend that any of the time for arraignment or trial is excluded by any provisions of this subsection.

contends that this exception applies in the instant case because the delay in bringing Hunnel to trial was Hunnel's fault. The unchallenged findings do not support this contention. Finding of fact 4 states:

> That during the latter half of 1985, from June 15th thereon, he resided with his mother in Bremerton, WA. and Mr. James Davis in Poulsbo, WA. Throughout that period of time he could be reached either through his mother or Mr. Davis, and his former wife, Deborah Hendrickson made contact with him in this manner on a number of occasions. Mr. Hunnel would respond in a normal fashion upon her request for contact, and there is no indication that he was hiding.

According to finding of fact 5:

> There is no evidence or testimony that the police authorities made any effort to find Mr. Hunnel. Further, there is no evidence or testimony indicating that, having all this information that the State did anything with it.

Leon Hunnel openly resided in the state of Washington from June 15, 1985, until the date of his arrest. The police had the ability to contact Hunnel through the address and telephone numbers he had given them, yet the police failed to pursue any of the available alternatives. The findings of fact clearly establish that the delay was not the result of Hunnel's fault or connivance. *Baxter,* 45 Wn. App. at 537.

### UNAVAILABILITY

Finally, the State argues that Hunnel was "absent and thereby unavailable," causing the speedy trial period to be suspended until his presence was obtained. *See State v. Perry,* 25 Wn. App. 621, 622–23, 612 P.2d 4 (1980); *State v. Bledsoe,* 31 Wn. App. 460, 643 P.2d 454, *review denied,* 97 Wn.2d 1026 (1982). They base this argument on the bare facts of Hunnel's move to Oregon and various changes of address.

Effective August 1, 1980, CrR 3.3 was amended and the provision for restarting the speedy trial period based on a defendant's unavailability was removed. *See Baxter,* 45 Wn. App. at 539. As the offense in this case occurred in

1982, it is governed by the 1980 version of CrR 3.3. Unavailability of the defendant is no longer an excluded period under the rule.

Even assuming that an unavailability provision should be read into the current version of the rule, the prosecution still must demonstrate "good faith and diligent efforts to obtain the availability of the defendant." *State v. Peterson,* 90 Wn.2d 423, 428, 585 P.2d 66 (1978). As the findings establish, the State made no attempts to locate Mr. Hunnel. When the State sits idly by and does nothing with the information available to it, it cannot claim that it made a good faith effort to locate the defendant. *Baxter,* 45 Wn. App. at 537. This lack of due diligence precludes elimination of the period when Hunnel was allegedly unavailable from computation of the time in which the defendant is to be brought to trial.

Affirm.[2]

WORSWICK, J., concurs.

ALEXANDER, A.C.J. (concurring)—I disagree with the majority opinion insofar as it indicates that "unavailability"

---

[2]The State does not argue here and apparently did not argue below, that the defendant waived his objection to the *date of arraignment.* In the event he did, the date of arraignment is conclusively established as the date which the defendant actually was arraigned, CrR 3.3(e), and the time within which the defendant must be tried commences then, CrR 3.3(c)(1).

While it appears that the defendant filed an objection to the trial date, the record is unclear whether he ever objected to the date of arraignment. It may be that the trial court considered the defendant's objection to the trial date as an objection to arraignment. However, that is unlikely since the trial court did not "establish and announce the *proper* date of arraignment" as authorized by the rule so as to fix the starting point from which the time for trial is calculated. (Italics ours.) CrR 3.3(e).

While this court may *affirm* a trial court's ruling on any theory within the pleadings and proof, *Gross v. Lynnwood,* 90 Wn.2d 395, 583 P.2d 1197, 96 A.L.R.3d 187 (1978); *State v. Davis,* 29 Wn. App. 691, 630 P.2d 938, 17 A.L.R.4th 53, *review denied,* 96 Wn.2d 1013 (1981), this court will not reverse for a claimed error which is raised for the first time on appeal, *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979), or which is not included in an assignment of error. RAP 10.3(g). *State v. Tradewell,* 9 Wn. App. 821, 515 P.2d 172, *review denied,* 83 Wn.2d 1005 (1973), *cert. denied,* 416 U.S. 985 (1974).

of the defendant has no bearing on the computation of time for trial. See our opinion in *State v. Hanson,* 52 Wn. App. 368, 760 P.2d 941 (1988). However, I concur in the result because, as the majority points out, the State has not demonstrated that it made the required diligent effort to obtain the availability of Hunnel.