[No. 5703-4-II.   Division Two.   October 19, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
BARTHOLOMEW KUBERKA, *Appellant.*

*Stephen M. Warning,* for appellant.

*Henry Dunn, Prosecuting Attorney,* and *David R. Koss, Deputy,* for respondent.

WORSWICK, J.—Defendant William Kuberka appeals convictions of second degree theft and attempted second degree theft, contending there was no probable cause to issue a search warrant for his car. He also claims the suppression hearing court erred in considering information relied on by the issuing magistrate that was not recorded at the time the warrant was issued. We affirm.

On May 14, 1981, Kuberka presented false identification to obtain $500 in reissued traveler's checks from the Longview Branch of Columbia National Bank. Approximately 45 minutes later, Kuberka attempted to obtain $500 in reissued traveler's checks from the Kelso Branch of the same bank using different false identification. The police arrested Kuberka and found car keys on his person that fit a Chrysler parked within two blocks of the Kelso bank. The police obtained a search warrant for the car, searched it, and found redemption receipts for the checks issued by the Longview bank. Before trial Kuberka moved to suppress the receipts. The court indicated it would grant the motion unless the commissioner who issued the search warrant presented additional information[1] he relied on in issuing the warrant. The commissioner provided the additional information in an affidavit. The court denied Kuberka's motion.

■ ■ Kuberka contends the trial court erred in considering the additional information contained in the commissioner's affidavit because it was not recorded at the time

---

[1] Relating only to where the car was found.

the commissioner made his decision to issue the warrant. We disagree. The Fourth Amendment does not require the making and preserving of a contemporaneous record of the proceedings before the issuing magistrate. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967), *cert. denied,* 393 U.S. 890 (1968). Neither does the applicable court rule require the judge to make a contemporaneous record of additional evidence he relied on in issuing the warrant. Former JCrR 2.10(c) provides in part:

> A warrant shall issue only on an affidavit or affidavits establishing the grounds for issuing the warrant. Such affidavit or affidavits may consist of an officer's sworn telephonic statement to the judge; provided, however, such sworn telephonic testimony must be electronically recorded at the time transmitted and retained in the court records and reduced to writing as soon as possible thereafter. If the magistrate finds that probable cause for the issuance of a warrant exists, he shall issue a warrant or direct an individual whom he authorizes for such purpose to affix his signature to a warrant identifying the property and naming or describing the person or place or thing to be searched. The finding of probable cause shall be based on evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished. Before ruling on a request for a warrant the court may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce. The judge shall record a summary of any additional evidence on which he relies.

The rule does not expressly state that the judge must record at the time of his decision any additional evidence on which he relies. Neither can such a requirement be implied from the language or history of the rule.

Construction of court rules is governed by ordinary principles of statutory construction. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979). Where a statute specifically designates the things on which it operates, an inference arises that all things omitted were omitted intentionally. *Washington Natural Gas Co. v. PUD 1,* 77

Wn.2d 94, 459 P.2d 633 (1969). When an affidavit takes the form of sworn telephonic testimony, JCrR 2.10(c) specifically requires the contemporaneous recording of the testimony. The rule does not include a similar requirement for information relied on in addition to the affidavit. The specific requirement of contemporaneous recording in the case of telephonic testimony and the absence of such a requirement for additional information relied on by the magistrate leads us to conclude that the additional information need not be recorded at the time the warrant is issued.

The history of JCrR 2.10(c) supports this conclusion. The Supreme Court adopted JCrR 2.10(c) in 1973. 82 Wn.2d 1177 (1973). At that time, the court was aware of the federal practice of making a contemporaneous record of the proceedings before the magistrate. *See State v. Walcott,* 72 Wn.2d at 967. The federal rule in 1973 provided in part:

> Before ruling on a request for a warrant the federal magistrate or state judge may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce, provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit.

Fed. R. Crim. P. 41(c). In adopting JCrR 2.10(c), the Supreme Court used language virtually identical to the federal counterpart choosing, however, not to include the language requiring contemporaneous recording of additional information. We conclude, therefore, that JCrR 2.10(c) does not require a judge to record at the time of his decision information he relied on in addition to the affidavit. The trial court did not err in considering the commissioner's affidavit summarizing that additional information.

■ Kuberka also contends the trial court erred in concluding that probable cause existed to issue a search warrant for his car. We disagree. In determining whether probable cause exists to issue a search warrant, the magistrate must make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that evidence of a

crime will be found in a particular place. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates,* ___ U.S. ___, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983). Probable cause to issue the warrant existed here. Police Officer Moothart's affidavit stated that Kuberka obtained $500 in reissued traveler's checks from the Longview bank under the name of John Smith. Approximately 45 minutes later, Kuberka attempted to obtain $500 in reissued traveler's checks from the Kelso bank, using the name Robert Smart. When the police questioned Kuberka about his identity he gave additional false identification. The police searched Kuberka and discovered some Chrysler car keys. Commissioner McCoy stated in his affidavit that Officer Moothart told him the keys fit a car parked within two blocks of the Kelso bank. Given this information, there was a fair probability Kuberka drove from the Longview bank to the Kelso bank in the Chrysler and that redemption receipts issued at the Longview bank would be in the car.[2]

Affirmed.

PETRICH, C.J., and REED, J., concur.

---

[2]Commissioner McCoy's affidavit merely stated that the Chrysler was found within two blocks of the Kelso bank. Even absent this information, we find probable cause to issue the warrant existed. *Illinois v. Gates, supra,* provides that magistrates may use common sense in determining whether there is a fair probability that evidence of a crime will be found in a particular place. Kuberka had car keys on his person when he was arrested. Common sense suggests that he used the car to travel from the Longview bank to the Kelso bank. Forty–five minutes elapsed from the time Kuberka obtained the traveler's checks in Longview until he attempted to obtain additional checks in Kelso. Redemption receipts given to Kuberka in Longview were not on his person. Common sense suggests they were in the car.