UNITED STATES

v.

**Airman First Class Jeffrey H. WINTERS, FR 293–62–9741, United States Air Force.**

**ACM S26299.**

U.S. Air Force Court of Military Review.

31 May 1984.

Approved sentence: Bad conduct discharge, confinement at hard labor for six (6) months, forfeiture of three hundred eighty-two dollars ($382.00) per month for six (6) months and reduction to airman basic.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy. Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and O'HAIR Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was convicted of various drug offenses involving marijuana and cocaine. The main thrust of his appeal centers on the search of his off-base apartment which he argues was unlawful because the affidavit supporting the search warrant "contained a misrepresentation" and created "a false impression." We find this error to be without merit and affirm.

### I

The facts are not in dispute. On 20 May 1983, a civilian magistrate issued a search warrant authorizing a search of the accused's residence. Under this warrant, civilian police officers, with agents of the Office of Special Investigations (OSI) present, searched the accused's apartment and seized quantities of marijuana and cocaine together with a substantial amount of drug-related paraphernalia. The search warrant was based on the affidavit of OSI Special Agent Michael Scott which in part stated:

> On 5-09-83 your affiant was advised by a confidential informant that ... Jeffrey Howard Winters, residing at 5200 Canyon Crest, Apt # 90, in the city and county of Riverside, was actively engaged in the sale of controlled substance.
>
> On or about *5-16-83 to 5-18-83* your affiant provided the confidential infor-

mant (CI) with an amount of federal recorded funds for the purchase of a quantity of controlled substance (cocaine) from ... Jeffrey Howard Winters, at 5200 Canyon Crest, Apt # 90, residence. (emphasis added)

The affidavit went on to state that the informant made a "controlled buy" from the accused on 16 May 1983. Citing Mil.R. Evid. 311(g)(1) and (2),* the accused moved to suppress all evidence seized on 20 May 83, as the product of an illegal search and seizure. The gist of the suppression motion is that Agent Scott provided "false and misleading" evidence to the issuing magistrate when he averred that "on or about 5–16–83 to 5–18–83, your affiant provided an [informant] with an amount of federal recorded funds." The accused maintains that this statement created the impression that drug activity occurred on all three days when in fact it only took place on one day, 16 May. Therefore, in his view, the magistrate could not make an informed determination that probable cause existed on the date the warrant was requested and issued, i.e., 20 May 1983.

■ Mil.R.Evid. 311(g)(2) codifies the United States Supreme Court decision of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *See also United States v. Turck*, 49 C.M.R. 49 (A.F. C.M.R.1974). In the *Franks* decision the Supreme Court held that in limited circumstances an accused may challenge the validity of a warrant which is based upon an affidavit containing a deliberate falsehood or reckless disregard for the truth. The test for determining whether an accused is entitled to a hearing to examine the contents of a search warrant affidavit is two tiered: first, there must be a substantial preliminary showing, including allegations of a deliberate falsehood or reckless disregard for the truth, supported by an offer of proof, and second, the trial court must determine if the challenged material is necessary to a finding of probable cause. While the *Franks* decision did not spell out what was meant by "deliberate falsehood" and "reckless disregard for the truth," federal case law suggests that a high threshold of falsity must be shown before an evidentiary hearing is required. In *United States v. Davis*, 663 F.2d 824 (9th Cir.1981), a Court of Appeals held that an offer of proof that a police officer who stated in an affidavit in support of a search warrant that informants had been convicted of felonies, but had no known cases pending against them, when in fact he knew that they were both suspects in a murder conspiracy, was not a sufficient showing of deliberate falsehood or reckless disregard for the truth by the officer so as to entitle the accused to an evidentiary hearing to examine the contents of the affidavit. *See also United States v. Wuagneux*, 683 F.2d 1343 (11th Cir.1982).

■ That a magistrate has determined that probable cause exists to issue a search warrant is accorded great deference by appellate courts. *United States v. Rosenbar-*

---

* Rule 311. Evidence Obtained From Unlawful Searches and Seizures

  *   *   *   *   *   *

(g) Scope of motions and objections challenging probable cause.

(1) Generally. If the defense challenges evidence seized pursuant to a search warrant or search authorization on the grounds that the warrant or authorization was not based upon probable cause, the evidence relevant to the motion is limited to evidence concerning the information actually presented to or otherwise known by the authorizing officer, except as provided in paragraph (2).

(2) False statements. If the defense makes a substantial preliminary showing that a government agent included a false statement knowingly and intentionally or with reckless disregard for the truth in the information presented to the authorizing officer, and if the allegedly false statement is necessary to the finding of probable cause, the defense, upon request, shall be entitled to a hearing. At the hearing, the defense has the burden of establishing by a preponderance of the evidence the allegation of falsity or reckless disregard for the truth. If the defense meets its burden, the prosecution has the burden of proving by a preponderance of the evidence, with the false information set aside, that the remaining information presented to the authorizing officer is sufficient to establish probable cause. If the prosecution does not meet its burden, the objection or motion shall be granted unless the search is otherwise lawful under these rules.

**612**

*ger,* 536 F.2d 715 (6th Cir.1976); *United States v. Hill,* 500 F.2d 315 (5th Cir.1974); *United States v. Young Buffalo,* 591 F.2d 506 (9th Cir.1979). Our purpose as a reviewing court is to insure that the magistrate who issued the search warrant had a substantial basis for concluding that probable cause existed, and in this regard it is only logical that we interpret the supporting affidavit in a common sense and realistic fashion. *United States v. Carlson,* 697 F.2d 231 (8th Cir.1983); *State v. Kuberka,* 35 Wash.App. 909, 671 P.2d 260 (1983). Applying this standard to the statements in the challenged affidavit, we conclude that they do not rise to the level of a "falsity or reckless disregard for the truth." In his special findings the trial judge stated, in part:

> [O]n the whole of the affidavit and accompanying declaration, the magistrate had a sufficient basis upon which to conclude there was probable cause to issue a search warrant, and not a sufficient basis for looking behind the magistrate's warrant has·been adduced.

He went on to conclude that there had been no deliberate or reckless misrepresentation of the facts, and there was no significant likelihood of the magistrate having been misled. We find no error in the trial judge's conclusion, and hold that the evidence seized pursuant to the challenged search warrant was properly admitted.

### II

■ Appellate counsel contend that during his argument on findings, the prosecutor improperly interjected his personal opinions and beliefs as to the evidence. We have examined the argument disputed for the first time on appeal, and find that, in general, the trial counsel properly discharged his prosecutorial duties. True, the prosecutor prefaced some remarks with the phrase, "I suggest", or "I find," but the tenor of the summation as a whole argued only reasonable inferences from the evidence in the record. While we find no prejudice to the accused, considering the overwhelming evidence of guilt, we remind trial participants of the penultimate para-

graph of *United States v. Horn,* 9 M.J. 429 (C.M.A.1980), where the Court of Military Appeals stated:

> We cannot close without again admonishing prosecutors and judges alike to be vigilant in assuring that the required propriety and decorum in closing argument are respected.

We echo this sound advice.

The findings of guilty and sentence are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.