[No. 44844.   En Banc.   January 5, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS RAYMOND ALEXUS, *Appellant.*

*John G. Ziegler,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Diane E. Geiger* and *Patricia Aitken, Deputies,* for respondent.

UTTER, J.—Defendant Dennis Raymond Alexus appeals from conviction in Superior Court on charges of second–degree burglary and auto theft. This court is asked to determine whether his conviction was in breach of applicable speedy trial provisions.

On April 9, 1976, while confined in the Clark County jail in Vancouver awaiting sentencing on a Clark County burglary conviction, Alexus confessed to a King County police detective his complicity in certain burglaries and auto thefts in King County. At that time he did not know whether he would be charged for these crimes.[1]

On April 27, 1976, 16 days after the report by the detective to the King County Prosecuting Attorney, an information was filed charging Alexus with the crimes. A warrant was issued by the Superior Court on that day, accompanied by "criminal warrant information" forms, each of which indicated Alexus' incarceration in the Clark County jail, and called for immediate notification of the detective. There is no evidence the prosecutor served this warrant upon Alexus, or otherwise attempted to notify Alexus of the pending charges in the ensuing 6 months.

Subsequently Alexus was sentenced to prison in Clark County, transferred to the reception center in Shelton on May 14, 1976, and from there to Walla Walla on June 3, 1976. Though there is some evidence prison officials were informed incidentally by Clark County officials that Alexus "also committed crimes in King County," they were not actually informed of the charges pending against the prisoner until October. Consequently, Alexus likewise was uninformed until that time, either that formal charges had been filed against him or that he had a right to demand a speedy trial.

Alexus testified before the trial court that had he known of the pending charges and his right to demand a speedy trial, he would have demanded a trial, as the pending charges would interfere with his opportunity for parole.

---

[1]No promise of immunity was made by the detective, who informed Alexus that the case would be presented to the prosecutor for disposition. The conversation left Alexus with a hope that he might not be prosecuted because the detective knew he was already bound for prison for his Clark County offenses, and because he was cooperative in obtaining recovery of the items stolen in King County.

On October 19, 1976, a deputy prosecutor obtained an order transferring Alexus back to King County. His affidavit of that date indicated that up until the previous week Alexus' location was unknown either to him or the police department.

On October 29, 1976, more than 6 months after the information had been filed and the warrant issued, Alexus was returned to King County. On December 9, 1976, Alexus selected a January 21, 1977, trial date. On January 21, 1977, Alexus filed a pretrial motion to dismiss and a post–trial motion in arrest of judgment, both motions based upon alleged denial of speedy trial. Both motions were denied. Judgment and sentence followed.

This case is the latest in a series which began with *State v. Williams* (Eldon), 85 Wn.2d 29, 530 P.2d 225 (1975), and has since included *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), *State v. Williams* (Michael), 87 Wn.2d 916, 557 P.2d 1311 (1976), and *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978). In these cases the court has formulated standards for the application of Superior Court Criminal Rule 3.3. The rule mandates trial within 90 days of a defendant's preliminary hearing (60 days where the defendant is unable to obtain pretrial release).[2] In this case the period of 6 months between filing of the information against Alexus (April 1976) and his ordered return to King County for trial (October 1976) was well in excess of the mandated period.

█ Here there was no preliminary appearance during the period of delay. However, where there is an inordinate unjustifiable delay in scheduling the preliminary appearance, CrR 3.3 is deemed to operate from the time the information is filed. *State v. Striker, supra* at 877. *Accord, State v. Peterson, supra* at 427. Since 6 months is unquestionably an inordinate delay, the only remaining question

---

[2]The rule was amended in November 1978. Though the prior form of the rule is controlling as to this case, and thus is the subject of our analysis, the result would be the same under the current language.

as to whether CrR 3.3 was breached is that of justifiability of the delay.

The prosecutor indicated to the trial court that Alexus' confinement at Walla Walla was unknown either to him or to anyone in the police department. Thus he urges the delay was excused by Alexus' unavailability in accordance with CrR 3.3(f).

Such an excuse does not meet the test enunciated by the court in *State v. Peterson, supra*. There it was announced that "unavailability as established under [subsection (f)] can be shown only if the prosecution demonstrates good faith and diligent efforts to obtain the availability of the defendant." *Peterson*, at 428. *See also State v. Williams* (Michael), *supra* at 920; *State v. Hattori*, 19 Wn. App. 74, 78–79, 573 P.2d 829 (1978); ABA Standards Relating to Speedy Trial § 2.3 (Approved Draft, 1967). Here the prosecutor made absolutely no effort to locate Alexus during the 6 months following filing of the information. Within 17 days of the filing of the information and the issuance of the warrant for Alexus, he could have been found at the Clark County jail, a fact clearly indicated on the court's warrant information form. Thereafter he could have been located quickly through phone calls to Clark County and Shelton. In these circumstances, there has been a clear violation of CrR 3.3.

The prosecutor alternatively contends that CrR 3.3 is entirely inapplicable to the instant case because Alexus is already incarcerated in a state prison. In such a case, it is argued, the timeliness of trial is determined only by RCW 9.98.010–.020. RCW 9.98.010 requires that a person imprisoned in a state institution must be tried on charges remaining against him within 120 days of his request for a final disposition of such outstanding indictments. Where the superintendent of a penal institution knows of outstanding indictments against a prisoner in his custody, he is to inform the prisoner of the charges and of the prisoner's right to make the request for a speedy disposition. RCW

9.98.020 provides for dismissal of charges where the mandated time limit has run.

The contention that CrR 3.3 is inapplicable where a charged defendant is already incarcerated for another conviction cannot survive *State v. Peterson, supra,* where the defendant was also incarcerated. We noted there that the rule "is applicable to all criminal trials within Washington state." *Peterson,* at 431.

Insofar as the cited statutes appear inconsistent with the subsequently adopted CrR 3.3, by shifting to the prisoner the burden of requesting a speedy trial and permitting a longer pretrial delay, they are superseded, pursuant to RCW 2.04.200 and CrR 1.1.[3] *State v. Striker, supra* at 879; *State v. Peterson, supra* at 429–30.

The judgment of the trial court is reversed. The court is directed to dismiss the charges.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

---

[3]To the extent the statutes complement the rule by providing additional standards for the conduct of prison officials, they remain vital. Here, however, there is no evidence of breach of duty by these officials as they remained unaware, as did Alexus, of the pending charges.