[No. 12180-4-I.   Division One.   December 5, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DON G. ALLEN, *Appellant.*

*Raymond H. Thoenig* and *Mary Van Gemert* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Randall Yates* and *Charles P. Schumacher, Deputies,* for respondent.

WALTERSKIRCHEN, J.*—Don G. Allen appeals his conviction for indecent liberties alleging the trial court erred by denying his motion to dismiss because the State failed to comply with the requirements of the speedy trial rule, CrR 3.3 (effective August 1, 1980).

Unchallenged findings of fact show that on November 8, 1980, in Snohomish County, Allen committed indecent liberties with an 11–year–old girl. Initially Allen was placed on a preprosecution diversion program, but Allen failed to complete the program and was terminated March 27, 1981. After some additional investigation, the State filed an information in the Superior Court for Snohomish County on June 8, 1981, charging Allen with indecent liberties with a girl under 14 years of age. The same day a summons was issued and mailed to Allen at his last known address. Allen did not receive the summons because he had moved leaving no forwarding address. The summons was returned to the court. Allen failed to appear in court on June 24, 1981, for his scheduled arraignment and, consequently, a bench war-

---

*Judge F. A. Walterskirchen is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

rant for his arrest was issued on July 1, 1981. This warrant was executed on September 24, 1981, when Allen was arrested in Auburn, King County, Washington. On September 28, 1981, a $2,000 appearance bond was filed in the Snohomish County Superior Court. This bond had only one condition, that Allen appear in Snohomish County Superior Court when ordered.

On October 17, 1981, Allen's new attorney wrote the Snohomish County prosecuting attorney's office advising that he now represented Allen. The letter stated: "I would appreciate it if you would advise me what is going on, what I can do, how I can work this thing through, and what should happen." The letter gave Allen's Auburn address. The deputy prosecuting attorney, assuming that the bench warrant was still outstanding and without checking the court file, answered the letter on October 20, 1981, stating, "[H]e should appear as soon as possible for arraignment so that the warrant may be quashed rather than executed on him." The letter also said, "Please contact me if you wish to have Mr. Allen appear for arraignment. Until he does appear for arraignment the bench warrant will remain outstanding." On December 28, 1981, Allen's attorney wrote a second letter to the prosecuting attorney's office merely describing the efforts Allen had been making to rehabilitate himself. On January 18, 1982, Allen's attorney sent a third letter, this time advising the prosecuting attorney's office that because of differences of opinion between himself and his client, he no longer represented Allen.

On January 15, 1982, the prosecuting attorney caused a second summons to be issued in response to which Allen with his third attorney appeared in Snohomish County Superior Court on February 5, 1982. On that date he was arraigned and the trial set for April 5, 1982.

Allen objected to this trial date and moved to dismiss for violation of the speedy trial rules. The court denied the motion. Trial to the court was held on May 14, 1982. The defendant was found guilty and sentenced. This appeal followed.

The issue before us is whether the lapse of time from the filing of the information on June 8, 1981, until Allen's arraignment on February 5, 1982, constitutes a violation of CrR 3.3(c)(1).

Allen alleges that CrR 3.3(c)(1) required his arraignment no later than 2 weeks after the prosecutor received his attorney's letter dated October 17, 1981, and that he was not arraigned or tried within the limits prescribed by the rule. CrR 3.3(c)(1) provides in pertinent part:

> If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court.

In particular, Allen contends that he was subject to conditions of release and should have been arraigned after his arrest on September 24, 1981, or alternatively after the prosecution received the letter dated October 17.

Allen also contends the State was negligent in not checking the court file to learn he had been arrested September 24, 1981, and had filed an appearance bond September 28, 1981. Allen concedes he was not available prior to his arrest.

In this case, we conclude it is unnecessary to determine whether Allen was released subject to conditions. Since Allen concedes he was unavailable prior to his arrest, we limit our review to the events subsequent to September 24, 1981.

■ Initially, we note that, unlike the prior version, the most recent version of the speedy trial rules does not expressly exclude the time when a defendant is unavailable for the purpose of computing the date for arraignment. Both parties assume, and the assumption seems reasonable, that even under the current rules the time a defendant is unavailable should not be considered when determining the arraignment date.

The State had no duty to check the court file to learn of Allen's arrest and filing of an appearance bond. *See State v. Perry,* 25 Wn. App. 621, 612 P.2d 4 (1980). The State

first learned of Allen's new address upon receipt of the letter dated October 17, 1981, which the State answered on October 20, 1981. Because he was unavailable for arraignment prior to the State's receipt of the letter, we, therefore, take October 20, 1981, as the starting date for the computation of the date by which Allen should be arraigned and brought to trial.

Where the time after a defendant first becomes available and the date upon which the defendant is arraigned appears excessive, the delay may constitute a violation of the rules guaranteeing speedy trials.

In *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), an information was filed but no warrant or summons issued for more than 90 days. At that time CrR 3.3(b) provided,

> **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

In *Striker* there had been no preliminary appearance although the defendants were at all times available to the State. The court said:

> The rules contemplate that when an indictment or information is filed, a warrant or summons shall be issued promptly, . . . Prompt arraignment is required after the filing of the indictment or information. CrR 4.1. In short, the rules do not authorize a period of delay between the filing of an indictment and the arrest or summons of the defendant, where he is amenable to process.

*Striker,* at 871. The court concluded:

> [C]onsiderations of policy in the administration of justice, compel us to the conclusion that where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed.

*Striker,* at 875. The court also called attention to CrR 4.1(a) which provides,

Promptly after the indictment or information has been filed, the defendant shall be arraigned thereon in open court.

*See also State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Alexus,* 91 Wn.2d 492, 588 P.2d 1171 (1979).

Allen became available upon receipt of the October 17, 1981 letter from Allen's attorney, which stated Allen's new address. That letter was received no later than October 20, 1981, the date on which the prosecuting attorney answered the letter. Thereafter, the State did virtually nothing toward bringing Allen into court until January 15, 1982, when a new summons was issued directing Allen to appear in court on February 5, 1982, for arraignment. This period of 87 days' delay before any action to have Allen appear in court, and the total period of 108 days of Allen's availability before arraignment, is clearly a violation of Allen's right to a speedy trial.

The rule is that a defendant's unavailability "can be shown only if the prosecution demonstrates good faith and diligent efforts to obtain the availability of the defendant." *Peterson,* at 428. Governmental mismanagement is not a proper ground to avoid the requirements of the speedy trial rule. *See State v. Sulgrove,* 19 Wn. App. 860, 863, 578 P.2d 74 (1978). Further, the informal letters from the prosecuting attorney asking Allen to appear were not sufficient. Neither Allen nor his attorney had any duty to bring Allen to trial. *See State v. Carpenter,* 94 Wn.2d 690, 619 P.2d 697 (1980). The State did not demonstrate good faith and diligent efforts to obtain Allen.

We conclude the 108–day delay before arraignment after Allen was available was unreasonable and constituted a violation of CrR 3.3(c)(1) and CrR 4.1(a).

Judgment is reversed.

WILLIAMS and SCHOLFIELD, JJ., concur.