[No. 7418-8-III.   Division Three.   March 10, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY SHANE HOLIEN, *Appellant*.

*Richard L. Cease, Public Defender,* and *Donald L. Westerman, Chief Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Dennis J. O'Shea, Deputy,* for respondent.

McINTURFF, C.J.—Gregory Holien appeals his conviction of first degree theft, alleging his speedy trial rights were violated. We reverse.

Mr. Holien had been receiving public assistance. The Department of Social and Health Services (DSHS) received information Mr. Holien was working for Kaiser and began an investigation for welfare fraud. On August 8, 1984, DSHS sent a letter to Mr. Holien at East 4405 5th, Apt. 27, Spokane, Washington, which was returned as undeliverable.[1] DSHS gave the information on Mr. Holien to the prosecutor's office. On October 4, 1984, a complaint was filed in district court charging Mr. Holien with first degree theft, based on alleged welfare fraud.

On October 11, an arrest warrant was issued for Mr. Holien for theft. On October 19, an officer attempted to serve Mr. Holien personally with the warrant at the East 4405 5th Avenue, Apt. 25, address. Mr. Holien was not served and the officer noted in the district court file that there was "no answer". No further attempts were made to serve the warrant on Mr. Holien until March 3, 1985, when he was pulled over by a state trooper, who was unable to determine the validity of Mr. Holien's vehicle license tab. The trooper called in the license number and, finding that a warrant was outstanding against Mr. Holien on the theft charge, arrested him. Until his arrest, Mr. Holien had no knowledge of the warrant or that charges were pending.

The East 5th Avenue address is owned by Mr. Holien's uncle, Jack Wilson, although Mr. Wilson does not reside there. Bob Peterson, the manager of the building knew Mr. Holien personally, however. Both Mr. Wilson and Mr. Peterson knew Mr. Holien's forwarding address.

Mr. Holien was on unemployment from June 1984 through January 1985 and returned to work for Kaiser from January 1985 to February 1985. In March 1985 he was laid off and began receiving unemployment compensation.

---

[1] His last known address was Apt. 25, *not Apt. 27*; apparently the letter was incorrectly addressed.

126

Mr. Holien was released on his own recognizance after his arrest in March 1985. On May 10, an information was filed in superior court charging Mr. Holien with first degree theft. On June 5, Mr. Holien's motion to dismiss for violation of the speedy trial rule was denied. Trial was set for June 5 but was continued to July 22; Mr. Holien was convicted of first degree theft after trial on stipulated facts.

The only issue is whether the court erred in denying Mr. Holien's motion to dismiss for violation of CrR 3.3 because nearly 5 months had elapsed between the filing of the complaint and the arrest. No violation of defendant's constitutional right to speedy trial is claimed.

The first step is to determine the date the speedy trial limits under CrR 3.3 commenced to run. CrR 3.3(c) provides:

**(c) Time for Arraignment and Trial.**
(1) *Cases Filed Directly in Superior Court.* If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.
(2) *Cases Filed Initially in District Court.*
(i) If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed. If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is

not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court.

(ii) "Time elapsed in district court" means the following: If at the time a complaint is filed with the district court a defendant is detained in jail or subjected to conditions of release, time elapsed in district court commences on the date the complaint is filed. If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. Time elapsed in district court ends with the earlier of (a) an oral or written order of dismissal entered by the district court, or (b) the filing of an information or indictment in superior court. Time elapsed in district court does not include time which was the subject of a stipulation entered into pursuant to JCrR 2.03(d)(3).

Because Mr. Holien was charged by complaint in district court, CrR 3.3(c)(2) applies. CrR 3.3(c)(2)(i) requires that the defendant's trial be held not later than 90 days after the date of arraignment less "time elapsed in district court." "Time elapsed in district court" is defined by CrR 3.3(c)(2)(ii) and commences on the date of the defendant's "appearance in district court which next follows the filing of the complaint". An analysis of JCrR 2.03(d), entitled "Preliminary Hearings on Felony Complaint", would be necessary to determine the date "time elapsed in district court" commences here. The date of Mr. Holien's superior court arraignment is not evident from the record. His trial was set for June 5 and continued to July 22. Since Mr. Holien does not argue the arraignment to trial time was not

timely, no further analysis of the language of CrR 3.3(c)(2) is necessary.

Instead, Mr. Holien argues that the 90-day speedy trial period should commence on October 4, 1984, which is the date the complaint was filed in district court. Mr. Holien's argument is based upon a line of cases interpreting CrR 3.3 which provide that where inordinate delay has occurred between the filing of the information and bringing the accused before the court, the time limitations of CrR 3.3 are deemed to commence at the time an information is filed in superior court. *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. Alexus*, 91 Wn.2d 492, 495, 588 P.2d 1171 (1979); *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978).

The judicial exception set forth in *State v. Striker, supra* at 877, is based on the premise that the speedy trial rules contemplate that if an indictment is filed before arrest, the accused will be promptly brought before the court if amenable to process. *State v. Peterson, supra* at 427, applies *State v. Striker, supra,* in the context of a complaint filed in district court and dismisses the charges for violation of the speedy trial rule. *State v. Peterson, supra* at 427, states:

> Although the charge in *Striker* was by information rather than justice court complaint, we see no legal significance in this distinction. The legal effect on the defendant is the same and he is under charge in either event.

Although we recognize CrR 3.3 has been amended since *State v. Peterson, supra,* we believe the policy reasons given in *Peterson* for applying the *Striker* rule from the date a complaint is filed in district court have not changed. The State concedes the legal effect of filing a district court complaint is equivalent to the filing of an information in superior court for this purpose. Therefore, for purposes of application of the *Striker* rule, it is not significant that a complaint in district court was filed against Mr. Holien, as opposed to an information in superior court.

The continued validity of the rule from *State v. Striker, supra,* was recognized in *State v. Pacheco,* 107 Wn.2d 59, 65, 726 P.2d 981 (1986). There, no violation of CrR 3.3(c) was found when defendant Pacheco was held in jail on an unrelated charge and the prosecutor did not know his whereabouts. In *Pacheco,* the court found no lack of good faith or due diligence on the prosecutor's part, finding the defendant was "lost to the prosecutor during the major portion of the time between the filing of the complaint and the defendant's arraignment." *Pacheco,* at 65. *Striker* was not applied.

To determine whether *Striker* should be applied to Mr. Holien, we must examine the delay between the filing of the complaint in district court and the arraignment in superior court and trial of Mr. Holien. In *State v. Baxter,* 45 Wn. App. 533, 537, 726 P.2d 1247 (1986), the court held a delay of 99 days between filing and arraignment was long enough to require application of the *Striker* rule. In *State v. Carpenter,* 94 Wn.2d 690, 694, 619 P.2d 697 (1980), a delay of 45 days required application of the *Striker* rule. On the other hand, 7 days was not an inordinate delay. *State v. Anderson,* 94 Wn.2d 176, 183, 616 P.2d 612 (1980).

Although the date of Mr. Holien's arraignment is not apparent from the record, his arrest preceded arraignment. Mr. Holien was arrested on March 3, 1985. This is approximately 5 months from the October 4, 1984 filing of the complaint in district court.

An exception to the *Striker* rule is made for delay which is caused by the fault or connivance of the defendant. *State v. Baxter, supra* at 537. In this case, there is no evidence of fault or connivance by Mr. Holien. *State v. Baxter, supra* at 537 states:

> There may be instances where the interval of a similar number of days, between the filing of the information and the date of arraignment due to circumstances other than the fault or connivance of the defendant, would not amount to a delay "contrary to the expectation expressed in the rules." Such circumstances might be such as to

make it extremely difficult to identify and locate the accused.

There are no such circumstances with regard to Mr. Holien. There were many avenues available to locate Mr. Holien. The prosecutor's office knew he was employed at Kaiser, since the information given by DSHS to facilitate the welfare fraud investigation was based on overpayments while Mr. Holien was so employed. Inquiry to either the manager or owner of the East 4405 5th Avenue apartment building would have revealed Mr. Holien's current address. Further, Mr. Holien was drawing unemployment insurance when he was not working at Kaiser and his address could have been obtained from the unemployment office. The State failed to pursue these obvious avenues to locate Mr. Holien.

We hold the delay under these circumstances justifies application of *Striker.* The date the complaint was filed in district court is the applicable date under CrR 3.3(c) from which to measure the defendant's speedy trial period.

The next inquiry is to determine if any portion of the delay should be excluded from the CrR 3.3 period. Case law interpreting earlier versions of CrR 3.3 held that if the defendant was unavailable, the limitations of CrR 3.3 did not begin to run. *State v. Peterson, supra; State v. Wirth,* 39 Wn. App. 550, 694 P.2d 1113, *review denied,* 103 Wn.2d 1027 (1985). To show unavailability, according to such case law, the State must show it made a good faith diligent effort to locate the defendant. *Peterson,* at 428.

Factors to be considered in determining the State's due diligence include the accused's awareness of the pending charges, the accused's fault in causing the delay, including "connivance", and the amount and nature of information known to authorities. *State v. Carpenter, supra* at 694; *State v. Wirth, supra* at 554.

Recently, *State v. Baxter, supra,* held that there is no unavailability exclusion under the current CrR 3.3 and declined to read such an exclusion into the rule. This holding contrasts with the holding of *State v. Allen,* 36 Wn. App. 582, 585, 676 P.2d 501 (1983). Even assuming an una-

vailability exception exists, we find the State has not shown it made a good faith diligent effort to locate the defendant.

Mr. Holien argues *State v. Wirth, supra,* is determinative of what the State must do in its exercise of due diligence. There, an information was filed in January 1980 charging Wirth with selling a controlled substance. Wirth was not arrested until June 5, 1982, and was unaware she was charged until her arrest. The sheriff's office knew the name of Wirth's roommate and the roommate's employer. Wirth's roommate knew Wirth's whereabouts, as did Wirth's sister, who was the only Wirth listed in the telephone directory. *Wirth,* at 551. Wirth's name and picture appeared in a local news feature story. Two attempts to serve the warrant were unsuccessfully made at addresses where Wirth no longer lived, but the sheriff's office each time made no further inquiry. *Wirth,* at 552.

The court dismissed the charges against Wirth, finding the delay between the filing of the information and arrest was excessive and Wirth had not caused the delay. Further, the court found the State had not made a good faith diligent effort to arrest Wirth. *Wirth,* at 552. There, the court addressed how much effort was required by the State:

> The State contends that it need make only diligent efforts given the information it has. Even were we to agree, the minimal efforts made here would not suffice. Where law enforcement officials have information which could lead readily to the person sought through standard follow–up inquiries, those leads must be pursued. To allow otherwise would permit officers to close their eyes and ears to information openly available, harming both the rights of those accused and the public interest in prompt, thorough police work.

*Wirth,* at 553.

The court found numerous avenues were available to locate Wirth and while it was aware of the heavy load law enforcement agencies carried, they were nevertheless investigative agencies and had a duty to employ their investigative resources. *Wirth,* at 554.

In *State v. Perry,* 25 Wn. App. 621, 612 P.2d 4 (1980),

decided 5 years before *Wirth,* the court indicated the State must do far less to satisfy the due diligence requirement and show that the defendant was unavailable. Defendant Larsen was arrested and released on his own recognizance in July 1977. An information charging Larsen with burglary was filed in March 1978. At that time, a summons was mailed to the address Larsen gave at the time of his arrest, but was returned by the post office as undeliverable. Larsen was arraigned on the burglary charge after he was arrested on a traffic charge and the prosecutor learned of his whereabouts. *Perry,* at 622.

The *Perry* court held at page 623:

> even though the State could in fact have located Larsen either through his attorney, or through his parents, whose address was known, its actions in trying to locate him were sufficient to constitute a diligent, good faith effort.

Although the two cases seem to set different standards of due diligence, *State v. Perry, supra,* is distinguishable from *State v. Wirth, supra,* because in *Perry* the defendant had been arrested and released. Therefore, the defendant in *Perry* was aware charges were pending. In *Wirth,* the defendant was unaware of the charges until her arrest, over a year after the information was filed. Mr. Holien also was unaware charges were pending against him until his arrest.

As in *Wirth,* there were many avenues available to locate Mr. Holien: his employer was known, inquiry could have been made to either the manager or owner of Mr. Holien's last known address or the unemployment office.

We hold that the delay of approximately 5 months was an inordinate delay. Given the resources and expertise of law enforcement, it was not a minimum exercise of due diligence for the State to make a single attempt to serve Mr. Holien at an address which was obviously questionable since the earlier letter from DSHS addressed to Mr. Holien at this address (albeit with an incorrect apartment number) had been returned as undeliverable. Therefore, under *State v. Striker, supra,* the speedy trial rule was violated. Due

diligence was not exercised to bring Mr. Holien to trial within 90 days after the complaint was filed.

The judgment of the Superior Court convicting Mr. Holien of first degree theft is reversed, with prejudice. *State v. Peterson, supra.*

MUNSON, J., concurs.

PETRICH, J. (concurring)—Although I concur with the result and with the essential holding of the majority opinion, I feel obligated to comment on the majority's discussion of the defendant's unavailability for trial as a means of extending the time of the rule. Consistent with my position expressed in *State v. Baxter,* 45 Wn. App. 533, 726 P.2d 1247 (1986), I do not believe that the time the defendant is unavailable for trial can be used to extend the time within which the defendant must be brought to trial. The current rule does not include the defendant's unavailability as one of the excluded time periods in calculating the required time for trial.

Nevertheless, the majority's discussion of this matter is understandable in view of *State v. Allen,* 36 Wn. App. 582, 676 P.2d 501 (1983), in which Division One of this court assumed the continued validity of the defendant's availability in calculating the time limits of the rule. Perhaps in an appropriate case the Supreme Court will settle the question of whether the defendant's unavailability as refined by earlier case law is of any validity under the present rule.