[No. 31259-6-I. Division One. May 23, 1994.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES LEE
WILLIAMS, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*George N. Bowden* and *Senter & Bowden,* for respondent.

GROSSE, J. — The State appeals the decision of the trial court holding there was an absence of good faith and due diligence on its part by failing to notify or serve an arrest warrant of a pending charge on James Lee Williams between the time the charge was filed in July 1988 and the time he was arraigned in April of 1992. The trial court dismissed the charges against Williams finding a violation of Williams' speedy trial rights under CrR 3.3.

James Lee Williams was charged by information in Snohomish County Superior Court on July 20, 1988. The charge was for the crime of theft in the first degree, alleging that Williams received unwarranted unemployment benefits from February 1986 to March 1987. A summons was issued and mailed by certified mail to Williams at his address (using the Bothell, not Mill Creek "city" name) on July 21, 1988. The summons ordered him to appear for arraignment on August 3, 1988.

This initial summons was returned "unclaimed" to the office of the clerk of the court allegedly following two notices left for Williams. However, the trial court found, and the State has not challenged, that Williams never received the summons and remained unaware of the filing of the charge. Further, the court found Williams did not know of any efforts to notify him of the proceedings.

When Williams did not appear for the arraignment, a bench warrant was issued for his arrest on August 11, 1988. The prosecutor's office notified the Employment Security Department (ESD) about the warrant as follows:

Please be sure that the warrant has been entered on the computer. Then, if possible, please try to locate and arrest the defendant as soon as possible. *In light of recent cases indicat-*

*ing the need for due diligence* in finding felony defendants, please document your efforts carefully.

(Italics ours.) Despite this warning, there was no action taken by ESD, the prosecutor, or any police agency to attempt to contact Williams further on this matter or to serve the arrest warrant. This was so despite the fact that Williams' residential address remained the same and was a matter of public record; he had a telephone at the house which was listed in the telephone book; his driver's license listed his proper home address; his cars were registered at that address; he had been stopped by police for traffic infractions at least three times while the warrant was outstanding; police had been called to his home on two separate domestic disturbance calls; and his wife was arrested at the home location while he was there.

Additionally, in 1990, Williams filed for bankruptcy and on the bankruptcy schedules listed the ESD "overpayment" as a debt, thus specifically naming ESD as a creditor. As a creditor, ESD received copies of the bankruptcy schedules and notices of all hearings. Notwithstanding these notices, no action was taken to locate or notify Williams.

Williams was arrested on March 30, 1992, when he misplaced his wallet in a store. The officer who was called to assist in the lost wallet investigation did a warrant check and discovered the outstanding warrant.

Williams objected to the timeliness of his arraignment and trial setting. The trial court dismissed the action concluding that the $3^{1}/_{2}$-year delay between the filing of the information and the arraignment was unreasonable and excessive. The court found that although the State initially exercised due diligence in sending the certified letter containing the summons, once it was returned unclaimed the State had a continuing duty to attempt to notify or locate Williams, or make some good faith and diligent attempts. The court found this was especially true after 1990, when ESD received at least two notices from the Bankruptcy Court regarding the very debt that was the subject of the charge. Considering the plethora of facts before the court in

Williams' favor, the court determined that he overcame any initial "good faith and due diligence" by the State.

■ The State argues that it exercised due diligence and made a good faith effort to obtain Williams' presence in court under CrR 3.3 simply by mailing a copy of the summons to his last known address. Whether the State exercised good faith and made diligent efforts to obtain the presence of a criminal defendant whose arraignment was delayed depends on the facts of each case. *State v. Greenwood*, 120 Wn.2d 585, 601, 845 P.2d 971 (1993); *State v. Miffitt*, 56 Wn. App. 786, 793, 785 P.2d 850, *review denied*, 114 Wn.2d 1026 (1990).

■ In determining the question of good faith and due diligence, a court considers whether the defendant was aware of the pending charge, whether the delay was due to the defendant's fault or connivance, and the amount and nature of the information known to the State. *Seattle v. Henderson*, 67 Wn. App. 369, 375, 841 P.2d 761 (1992).

■ Here, the State has not challenged the finding that Williams never received the summons and remained unaware of the filing of the charge until he was arrested. That finding went on to explain that Williams did not know of any efforts to notify him. An unchallenged finding of fact is accepted as a verity on appeal. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). The fact that Williams did not have any notice of the action distinguishes this case from most of the cases cited by the State.

Further, although it is argued that Williams' refusal to accept the letter containing the summons was some form of connivance, the State does not dispute that the certified letter came back "unclaimed" not "refused". There are no facts indicating any type of connivance or fault on the part of the Defendant.

*State v. Greenwood, supra,* upheld the rule of *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), regarding the effect of unnecessary delays between the filing of an information and the defendant's initial appearance under CrR 3.3 as amended. The State mistakenly believes that *Green-*

*wood,* somehow modified the requirements under CrR 3.3. In fact, the *Greenwood* court specifically held there was no modification of the rule and that *Striker* continues to apply. *Greenwood,* 120 Wn.2d at 595.

The State argues this case is like *State v. Perry,* 25 Wn. App. 621, 612 P.2d 4 (1980), wherein the court found the sending of a letter to the last known address was good faith and due diligence. The opinion must be read in context however and, under its facts, Perry knew of the charges pending against him and changed his location without providing accurate information of his whereabouts.

Here, the Defendant was unaware of the charges until his arrest, over $3^1/2$ years after the charges were filed. This distinguishing fact, that of having notice or having no notice of the pending charges, as in *Perry* (notice) and *State v. Wirth,* 39 Wn. App. 550, 694 P.2d 1113 (no notice), *review denied,* 103 Wn.2d 1027 (1985), was pointed out in *State v. Holien,* 47 Wn. App. 124, 734 P.2d 508 (1987). In *Holien,* the court distinguished *Perry* because Holien was unaware of the charges pending against him until his arrest. In *Holien* the court found that a 5-month delay was an inordinate delay. The court reasoned that "[g]iven the resources and expertise of law enforcement, it was not a minimum exercise of due diligence for the State to make a single attempt to serve Mr. Holien". *Holien,* 47 Wn. App. at 132.

 The State cites to a section of the *Greenwood* case which, under the facts of the particular case it was discussing in *Greenwood,* held that the prosecutor does not have "the burden of locating defendants *who have failed to provide the prosecution with accurate information of their whereabouts.*" (Italics ours.) *Greenwood,* 120 Wn.2d at 602. However, the bald assertion made by the State that, after a summons is "properly sent" and the defendant fails to respond, the prosecutor is not required to take further steps to locate the defendant is incorrect. Here, Williams did not get notice and the State received the summons back. Further, the "policing agency", the ESD, received two notices from the Bankruptcy Court listing Williams' whereabouts. The State possessed

Williams' correct address at all times; he was never "unavailable". The State could have looked up his telephone number in the phone book and called him, but did not. Unlike cases relied on by the State, Williams neither failed to provide accurate information about his whereabouts, nor was he incarcerated or out of state. He has always been available for and amenable to process.

The State also cites the case of *State v. Anderson*, 121 Wn.2d 852, 855 P.2d 671 (1993), to bolster its analysis that a prosecutor need only do so much to procure sufficient due diligence. A review of *Anderson* discloses that it turned on due diligence in obtaining custody of a defendant who was incarcerated out of state. Its focus concerned the filing of detainers and the interstate agreement on detainers. The case is clearly distinguishable from the case before us.

The trial court correctly held that the State did not make the good faith and diligent efforts required under CrR 3.3 to obtain Williams' presence in court and its action in dismissing the case is affirmed.

BAKER and KENNEDY, JJ., concur.