**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CORNHUSKER CASUALTY INSURANCE
COMPANY,

*Plaintiff-Appellee,*

v.

CHRIS KACHMAN,

*Defendant,*

and

BROOKS SAMPLES, individually and
as Personal Representative of the
Estate of Leanne Samples,

*Defendant-Appellant.*

No. 06-35106

D.C. No.
CV-05-05026-RBL

ORDER
CERTIFYING
QUESTION TO
THE
WASHINGTON
STATE SUPREME
COURT

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
October 19, 2007—Seattle, Washington

Filed January 30, 2008

Before: Ronald M. Gould and Richard A. Paez,
Circuit Judges, and Lyle E. Strom,* District Judge.

---

*The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

**COUNSEL**

Kevin Coluccio, Garth L. Jones, Paul L. Stritmatter, Stritmatter Kessler Whelan Withey Coluccio, Hoquiam, Washington, for defendant-appellant Brooks Samples.

Irene M. Hecht, Maureen M. Falecki, Keller Rohrback L.L.P., Seattle, Washington, for plaintiff-appellee Cornhusker Casualty Insurance Company.

**ORDER**

GOULD, Circuit Judge:

This case arises from a dispute over whether Cornhusker Casualty Insurance Company ("Cornhusker") insured Rockeries, Inc. ("Rockeries"), a Washington landscaping company, on October 22, 2004, the day Leanne Samples was fatally injured in an automobile accident with an employee of Rockeries. Brooks Samples, Leanne's husband and the administrator of her estate, brought a wrongful death action against Rockeries and its owners in Washington state court. Cornhusker then brought suit in federal district court against Rockeries and Samples seeking a declaratory judgment that, prior to the accident, it had effectively cancelled its policy insuring Rockeries because of nonpayment of premiums. The district court granted summary judgment in favor of Cornhusker and denied Samples' cross-motion for summary judgment. Samples appealed the district court's decision. We had jurisdiction pursuant to 28 U.S.C. § 1291. In an opinion filed concurrently with this order, we rejected Cornhusker's waiver argument and Samples' equitable estoppel claim. This order certifies to the Washington State Supreme Court the remaining and dispositive[1] question of state law before us—namely, whether notice

---

[1] We conclude that whether Rockeries was insured by Cornhusker on October 22, 2004 depends entirely upon the answer provided by the Washington State Supreme Court; the answer to our certified question is "necessary . . . to dispose of" this appeal. Wash. Rev. Code § 2.60.020.

sent by certified mail satisfies the "mailed" requirement of the Revised Code of Washington § 48.18.290 (1997) ("RCW § 48.18.290") such that a cancellation letter sent via certified mail gives sufficient notice under RCW § 48.18.290, even if the letter is never received by the insured.

## I

Before addressing the question to be certified, we summarize the material facts: Beginning on June 28, 2000, Cornhusker, a Nebraska company, provided commercial auto insurance for Rockeries. The policy renewed annually with a "quarterly" payment plan under which, after the first year, the total annual premium was billed in four equal installments throughout the year as specified on each installment notice. On eleven separate occasions during the more than four years that Cornhusker insured Rockeries, Rockeries did not pay a premium installment on time. After each payment deadline passed, Cornhusker sent a letter notifying Rockeries of the date the policy would be cancelled if Cornhusker did not receive Rockeries' payment. On all but two of these occasions, Rockeries paid the amount due before the cancellation date and Cornhusker sent Rockeries a notice that Rockeries' policy would be reinstated with no lapse in coverage. Rockeries did not pay by the cancellation date in January of 2001, but Cornhusker did not cancel Rockeries' policy because the envelope containing the payment was postmarked before the cancellation date and the payment was received within five days of the cancellation date.

After Rockeries did not pay the premium installment due on September 2, 2004, Cornhusker, on September 29, 2004, sent via certified mail a letter notifying Rockeries that the policy would be cancelled if the payment was not received by October 19, 2004. Rockeries did not pay by the cancellation date for the second time and Cornhusker cancelled Rockeries' policy on October 19. On October 22, 2004, Leanne Samples was fatally injured in an automobile accident with a Rockeries

employee. Rockeries notified its insurance broker of the accident on October 25, 2004, and Cornhusker received a check from Rockeries for the past-due premium installment on October 28, 2004. Rockeries never received the cancellation letter that Cornhusker sent by certified mail on September 29, and the letter was returned to Cornhusker on November 1, 2004.

Brooks Samples, Leanne's husband and the administrator of her estate, brought a wrongful death action against Rockeries and its owners in Washington state court. Cornhusker then filed suit in federal district court against Rockeries and Samples seeking a declaratory judgment that it had effectively cancelled its policy insuring Rockeries before the accident because of nonpayment of premiums and that it therefore had no obligation to provide Rockeries with a defense or to assume any liability in the wrongful death action.

The district court granted Cornhusker's motion for summary judgment and denied Samples' cross-motion for summary judgment, holding that as a matter of law certified mail satisfies the "mailed" requirement established in RCW § 48.18.290 and that a letter of cancellation sent via certified mail gives sufficient notice of cancellation to comply with the statute even if, as in this case, the cancellation letter was never actually received by the insured. Samples appealed the district court's judgment.

In an opinion accompanying this order, we have disposed of the two other issues on appeal. We have rejected Cornhusker's argument that Samples waived his right to argue that certified mail, unlike regular mail, must actually be received in order to satisfy the statutory notice requirement of RCW § 48.18.290, concluding that Samples sufficiently raised this issue before the district court. In the same opinion, we have rejected Samples' equitable estoppel argument, determining that Cornhusker's requirement that Rockeries pay a premium installment on September 2, 2004 was consistent with the

installment notices sent to Rockeries and the payment schedule of the three previous years it collected payments from Rockeries.

## II

We now turn to the issue that is the basis of our certification order: whether notice of cancellation sent by certified mail is "mailed" for purposes of RCW § 48.18.290. Specifically, the issue is whether a letter of cancellation sent via certified mail gives sufficient notice of cancellation to comply with RCW § 48.18.290, even if the cancellation letter is never received by the insured.

The relevant subsections of RCW § 48.18.290, as it existed in 2004,[2] include:

> Subsection (1): Cancellation by the insurer of any policy . . . may be effected as to any interest only upon compliance with the following:

> Subsection (1)(a): Written notice of such cancellation, accompanied by the actual reason therefor, must be actually delivered or mailed to the named insured . . . .

---

[2]RCW § 48.18.290 was amended in June 2006 to include the following language:

> Subsection (1)(a)(i): The insurer must deliver or mail written notice of cancellation to the named insured . . .

Even though the statute no longer includes the words "actually delivered" it still distinguishes between delivering and mailing a notice of cancellation without either defining mail to include certified mail or instead requiring delivery of certified mail. Acceptance of certification on this issue by the Washington State Supreme Court will permit resolution of the case before us. Moreover, a ruling resolving this issue by the Washington State Supreme Court will also clarify the meaning of the word "mail" in the current version of the statute.

Subsection (2): The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States post office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon failure to find, or deliver the mailing to, the addressee.

We certify this question because we conclude that neither the Washington State Supreme Court nor the state court of appeals has yet answered definitively whether a letter of cancellation sent by an insurer via certified mail but never received by the insured satisfies the notice requirements imposed by RCW § 48.18.290 to cancel an insurance policy.[3]

On the one hand, and arguing against treating notice sent by certified mail as "mailed" for purposes of RCW § 48.18.290, although "mailed" is not defined in RCW § 48.18.290, in five other sections of the Revised Code of Washington ("RCW") "mail" is defined to mean only "regular mail," and no section of the RCW defines the term to include certified mail. *See, e.g.*, RCW §§ 15.44.010, 15.65.020(27), 15.66.010(17), 16.67.030(13), 34.05.010(10). Moreover, the Washington State Legislature has explicitly authorized the use of certified mail or registered mail as a form of mailing on numerous occasions, *see, e.g.*, RCW §§ 4.28.330, 6.27.130(1), 7.04A.090, including at least six provisions in Title 48, which governs insurance practices and procedures and includes RCW § 48.18.290, *see, e.g.*, RCW §§ 48.03.040(5),

---

[3]Even though certification was not suggested by either party, we may sua sponte invoke the certification process. RCW § 2.60.030(1) ("Certificate procedure may be invoked by a federal court upon its own motion . . . ."); *Parents Involved in Comty. Sch. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002) (certifying question sua sponte).

48.05.210(1), 48.05.485. The silence of RCW § 48.18.290 with respect to certified mail in light of the other Washington statutes that explicitly authorize its use might possibly indicate a deliberate choice by the Washington State Legislature, and "[w]here the Legislature omits language from a statute, intentionally or inadvertently, . . . [a reviewing] court will not read into the statute the language that it believes was omitted." *State v. Moses*, 37 P.3d 1216, 1218 (Wash. 2002).[4]

If sending notice of cancellation by certified mail does not qualify as "mailed" under RCW § 48.18.290, then Samples argues that it falls under the "actually delivered" prong of RCW § 48.18.290, requiring that certified mail be received by the addressee in order to be effective under the statute. Under this approach, certified mail would be treated like courier delivery or Federal Express, which are similar in form to certified mail. Although the Washington State Supreme Court has refused to classify as mail "anything other than postal matter carried by the United States Postal Service," *Cont'l Sports Corp. v. Dep't of Labor and Indus.*, 910 P.2d 1284, 1288 (Wash. 1996), we do not view this decision as precluding Samples' argument because it does not hold that *all* matter carried by the United States Postal Service *must* be classified as mail. Samples points to section 3 of the statute, which permits an affidavit from the individual making or supervising the mailing to constitute prima facie evidence of the mailing, RCW § 48.18.290(3), to support his contention that the Washington State Legislature intended only for regular mail to

---

[4]However, Washington state courts have not always considered the inclusion of certified mail within the generic term "mail" as reading additional terms into a statute. *E.g.*, *Collins v. Lomas & Nettleton Co.*, 628 P.2d 855, 856 (Wash. Ct. App. 1981). In *Collins*, in the context of a state rule of civil procedure with similar open-ended language to RCW § 48.18.290, the Washington State Court of Appeals held that "[w]e find no justification for precluding the use of certified mail absent express language to that effect." *Id.* (holding that the sender satisfied the requirements of the procedural rule and due process where the documents were sent by certified mail even though the mail was returned to sender).

qualify as "mailed" because there would be no need for an affidavit with certified mail which creates its own paper trail.

On the other hand, and arguing for treating certified mail as satisfying the "mailed" requirement, Cornhusker contends that the Washington State Legislature intended certified mail to satisfy the notice requirements of RCW § 48.18.290. Section 2 of RCW § 48.18.290 describes how "mailing" shall be effected by "depositing [the notice] in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records . . . in a letter depository of the United States post office." RCW § 48.18.290(2). Cornhusker argues that certified mail is deposited at a United States post office and is thereby an effective mailing under the statute. Section 2 of the statute also directs the insurer to "retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon a failure to find, or deliver the mailing to, the addressee." *Id.* Cornhusker contends that this statutory requirement would be rendered meaningless if actual receipt of a certified mailing was required to effect cancellation.

In further support of classifying notice sent by certified mail as "mailed" for purposes of RCW § 48.18.290, Washington state courts, in construing statutory schemes other than those governing insurance cancellation, have held that actual receipt of certified mail is not required to provide adequate notice. *See In re Marriage of McLean*, 937 P.2d 602, 603-05 (Wash. 1997) (en banc) (holding, in a child support proceeding, that because the statute at issue did not require the return receipt be signed by the addressee as other Washington statutes did, "nor otherwise expressly indicate that actual delivery [was] required," it should not be interpreted to mandate actual receipt but merely proof of mailing via one of the specified methods); *Baker v. Altmayer*, 851 P.2d 1257, 1257-59 (Wash. Ct. App.) (concluding that even though the owners against whom a materialman's lien was sought never received a certified letter or hand-delivered notices that such letter was wait-

ing to be claimed at the post office, the sender "complied with the literal requirements of the statute and [was] entitled to enforce its lien"), *rev. denied*, 866 P.2d 39 (Wash. 1993). *But see State v. Bazan*, 904 P.2d 1167, 1171 (Wash. Ct. App. 1995) (holding that a criminal defendant was deprived of a speedy trial in violation of both Washington criminal procedure rules and due process when the sheriff's office sent him four notices by certified mail requiring him to appear for arraignment, all of which were returned "unclaimed," because no presumption of receipt exists where certified mail, instead of regular first-class mail, is used to send notice), *rev. denied*, 919 P.2d 600 (Wash. 1996). Unlike RCW § 48.18.290, the statutes involved in *Marriage of McLean* and *Baker* clearly classified certified mail as "mail," but these cases nevertheless hold, contrary to what Samples argues, that certified mail is effective to provide notice even where the mailing is not actually received.

Our uncertainty regarding the role of certified mail under RCW § 48.18.280 is heightened by the public policy considerations that underlie insurance regulations and the Washington State Supreme Court's holding that such policy considerations must be considered when interpreting statutes that regulate insurance policies. *See Olivine Corp. v. United Capitol Ins. Co.*, 52 P.3d 494, 501 (Wash. 2002) ("The purpose of the notice requirements in the insurance code [RCW § 48.18.290] is to enable the insureds—all of them—to take appropriate action in the face of impending cancellation of an existing policy . . . . enabl[ing] the insured to adjust by either making the payments in default, obtaining other insurance protection, or preparing to proceed without insurance protection.") (citations omitted); *see also Arborwood Idaho, L.L.C. v. City of Kennewick*, 89 P.3d 217, 221 (Wash. 2004) ("The court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent."). The Washington State Supreme Court has stated that insurance policies "abound with public policy considerations, one of which is that the risk-spreading theory of such policies should operate

to afford to affected members of the public—frequently innocent third persons—the maximum protection possible consonant with fairness to the insurer." *Oregon Auto. Ins. Co. v. Salzberg*, 535 P.2d 816, 819 (Wash. 1975).

Moreover, a majority of other jurisdictions that have considered whether certified mail qualifies as mail for purposes of notice of insurance cancellation have held that notice sent by certified mail, when not actually received, is insufficient to effect cancellation.[5] *See, e.g.*, *Conrad v. Universal Fire & Cas. Ins. Co.*, 686 N.E.2d 840, 842-43 (Ind. 1997) (holding that where a policy's cancellation provision "neither required, authorized, nor prohibited the use of certified mail" but simply stated that proof of mailing was sufficient to establish notice, certified mail was not an effective form of notice because it requires someone to be present to sign for it and thus "is not reasonably calculated to ensure receipt" and "is not a sufficiently reliable means of notifying the insured of the need to find new coverage"); *Larocque v. R.I. Joint Reinsurance Ass'n*, 536 A.2d 529, 530, 532 (R.I. 1988) (holding that under a Rhode Island statute requiring insurers to "give notice" of cancellation to insureds, actual receipt of such notice is required and "may be presumed by proof of an ordinary mailing" but not where an insurer, "by sending notice via certified mail instead of regular postage, increased the risk of nondelivery"); *Fidelity & Cas. Co. of N.Y. v. Riley*, 178 A. 250, 253 (Md. 1935) (holding that where a policy's cancellation clause allowed for "written notice [to be either] delivered to the insured or mailed to his last address," sending cancellation notices by registered mail to two addresses on file for the insured constituted an attempt of actual delivery, which, because neither was actually received, "failed of its purpose" and so did not cancel the policy). *But see Westmoreland v. Gen. Accident Fire & Life Assurance Corp.*, 129 A.2d 623,

---

[5]In jurisdictions where no statute is at issue, the cases concerning insurance cancellation interpret the meaning of "mail" in the insurance policy itself.

626 (Conn. 1957) ("When the provision in a policy is that notice by mail is sufficient, that provision is broad enough to cover all the kinds of mail which are commonly used to convey messages. Registered mail is just as much mail as ordinary mail. The sending of a notice of cancellation by registered mail is compliance with the requirement of the policy that the notice shall be mailed.").

Because the controlling question of state law is not entirely settled, we have concluded that an appropriate course of action is to certify this issue to the Washington State Supreme Court and request that it provide the dispositive answer.[6] If the Washington State Supreme Court concludes that notice sent by certified mail qualifies as "mailed" for purposes of RCW § 48.18.290 such that proof of mailing satisfies the notice requirements of the statute, we will affirm the district court on that basis. If, however, the Washington State Supreme Court determines that notice sent by certified mail does not qualify as "mailed" for purposes of RCW § 48.18.290, we will reverse the district court's order granting summary judgment to Cornhusker and denying Samples summary judgment.

## ORDER

In light of our foregoing discussion, and because the answer to this question is "necessary to ascertain the local law of this state in order to dispose" of this appeal, RCW § 2.60.020, we respectfully certify to the Washington State Supreme Court the following question:

> Does sending notice of cancellation by certified mail satisfy the "mailed" requirement of RCW § 48.18.290 (1997) and give sufficient notice of can-

---

[6]The Washington State Supreme Court has the discretion to decide whether to answer the certified question. *Broad v. Mannesmann Anlagenbau AG*, 10 P.3d 371, 374 (Wash. 2000).

cellation to comply with RCW § 48.18.290, even if there is no proof that the cancellation letter was received by the insured?

We do not intend our framing of this question to restrict the Washington State Supreme Court's consideration of any issues that it determines are relevant. If the Washington State Supreme Court decides to consider the certified question, it may in its discretion reformulate the question. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

If the Washington State Supreme Court accepts review of the certified question, we designate appellant Samples as the party to file the first brief pursuant to Washington Rule of Appellate Procedure ("WRAP") 16.16(e)(1).

The clerk of our court is hereby ordered to transmit forthwith to the Washington State Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all relevant briefs and excerpts of record pursuant to RCW §§ 2.60.010, 2.60.030 and WRAP 16.16.

Further proceedings in our court on the certified question are stayed pending the Washington State Supreme Court's decision whether it will accept review, and if so, receipt of the answer to the certified question. This case is withdrawn from submission until further order from this court. The panel will resume control and jurisdiction on the certified question upon receiving an answer to the certified question or upon the Washington State Supreme Court's decision to decline to answer the certified question. When the Washington State Supreme Court decides whether or not to accept the certified question, the parties shall file a joint report informing this court of the decision. If the Washington State Supreme Court accepts the certified question, the parties shall file a joint sta-

tus report every six months after the date of the acceptance, or more frequently if circumstances warrant.

It is so **ORDERED**.

RONALD M. GOULD
Circuit Judge, United States Court of
    Appeals for the Ninth Circuit

Presiding Judge of the Certifying Panel

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.