FILED



JUN 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM R. HANCOCK, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993,

Plaintiff-Appellant,

v.

KULANA PARTNERS, LLC, a Hawaii Limited Liability Company; et al.,

Defendants-Appellees.

No.    14-15233

D.C. No.
1:13-cv-00198-DKW-RLP
District of Hawaii,
Honolulu

ORDER

Before:  WALLACE, FARRIS, and WATFORD, Circuit Judges.

The mandate issued in this case is hereby RECALLED. We WITHDRAW our previous memorandum disposition filed on November 7, 2016  (Dkt. 37) and replace it with the one filed concurrently with this order.

**IT IS SO ORDERED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM R. HANCOCK, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>KULANA PARTNERS, LLC, a Hawaii Limited Liability Company; et al.,<br><br>        Defendants-Appellees. | No.    14-15233<br><br>D.C. No.<br>1:13-cv-00198-DKW-RLP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 20, 2016
Honolulu, Hawaii

Before:  WALLACE, FARRIS, and WATFORD, Circuit Judges.

William R. Hancock appeals from the district court's judgment dismissing

his claims for declaratory relief, injunctive relief, and trespass and ejectment. We

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

have jurisdiction pursuant to 28 U.S.C. § 1291. Having reviewed the relevant materials, we believe that a clarification of Hawaii law would resolve this case. Accordingly, we vacate the judgment and remand to the district court with instructions to certify the following questions to the Hawaii Supreme Court pursuant to Hawaii Rule of Appellate Procedure 13:

> 1.    Whether a claim relating to a forged deed is subject to the statute of limitations for fraud?

> 2.    Whether the recording of a deed provides constructive notice in an action for fraud?

We are mindful that our framing of these questions does not limit the Hawaii Supreme Court's "consideration of any issues that it determines are relevant" and that "it may in its discretion reformulate the question[s]." *Cornhusker Cas. Ins. Co. v. Kachman*, 514 F.3d 982, 989 (9th Cir. 2008).

**VACATED AND REMANDED.**